## BURNS vs. MAYOR, &c., OF MOBILE.

[PROCEEDING FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Demurrer to complaint.*—A demurrer, which specifies the portion of the complaint to which it is interposed, but does not state or point out any ground of objection to it, is not a compliance with the statute, (Code, § 2253,) and should be overruled.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

The appellant was prosecuted, before the mayor of the city of Mobile, for the violation of a municipal ordinance, and was fined $50. She removed the case, by appeal, into the circuit court, where a complaint was filed, in these words: "The plaintiff claims of the defendant fifty dollars penalty, for that whereas, on the 17th day of March, 1858, the said defendant did, or permit some other person to sell, furnish or give away, spirituous, or intoxicating, or malt liquors, to a slave, in the corporate limits of said city, named John, the property of W. Weeks, without the written permission of said slave's owner, master, or overseer; contrary to the provisions of, and for breach of an ordinance, passed by said plaintiff, entitled 'An ordinance respecting slaves.' Section 14 of said ordinance [is] as follows: 'That if any tavern-keeper, grog-shop, or coffee-house keeper, or any other person, shall sell, furnish, or give away, or permit any other person to sell, furnish, or give away, any spirituous, or intoxicating, or malt liquors, to any slave or slaves, without the written consent of the owner, master, or agent, he, she, or they, so offending, shall, for every offense, incur a fine of fifty dollars.'" To this complaint the defendant filed a demurrer in these words: "The defendant demurs to the complaint, as follows: to the words, '*did permit some other person to sell, furnish, or give away, spirituous, or intoxicating, or malt,*' and prays judgment, &c." The court overruled the demurrer; and this ruling, with other matters, is now assigned as error.

W. C. EASTON, for appellant.

JNO. HALL, *contra*.

STONE, J.—The Code (§ 2253) declares, that, on demurrer, "no objection can be taken or allowed, which is not distinctly stated in the demurrer." The demurrer in this case does state the part or portion of the complaint to which it is interposed; but it does not state the *objection* to the complaint, or part of the complaint.

Suppose a demurrer were filed to an entire complaint, or to an entire count in a complaint, and the demurrer should state no other objection than that it was interposed to the whole complaint, or to a particular count in the complaint; all would concede, that this would not be a compliance with the statute. It would fail to state distinctly the objection relied on. The present demurrer is obnoxious to the same criticism. To comply with the statute, it should point out and specify the defect or defects on which the party demurring asks the judgment of the court.

The charge asked should not have been given. The ordinance imposed a penalty on all persons who sell, furnish, or give away, spirituous liquors, &c., to a slave, &c. The charge claimed an acquittal on the single ground, that the slaves were sent into one house, while the defendant lived at the time in another. Mrs. Burns may have had her residence *on the corner of Union and Cedar streets*, and still may herself have sold, furnished or given, or, with her permission and authority, another may have sold, furnished or given liquor to the slaves, *in a house which stood on the corner of Madison and Cedar streets*.

No charge was asked on the sufficiency of the evidence, or its tendencies. Hence, we need not, and do not consider whether there was sufficient evidence to justify a conviction. That was, under proper instructions, a question for the jury; and we have no authority for supposing the question was not fairly presented for their deliberation.

Judgment of the circuit court affirmed.