# Brock *v*. South & North Ala. R. R. Co.

*Application for Statutory Rehearing after Judgment at Law.*

| 65 | 79 |
|----|----|
| 103 | 536 |
| 65 | 79 |
| 122 | 438 |

1. *Rehearing at law; when authorized.*—The absence of counsel in another court when a cause is regularly caused for trial, though necessitated by conflicting professional engagements, however urgent, does not entitle his client, as matter of right, to a statutory rehearing (Code, §§ 3161–71), although it may, within the discretion of the primary court, be good cause for a new trial ; nor is the absence of the party himself excused, so as to render him " without fault," because he was informed by his attorney that no advantage would be taken of his absence by the opposing counsel.

2. *Demurrer; specification of causes.*—"That the alleged accident, fraud or mistake, is not shown to have occurred without the fault of the petitioner," is sufficiently definite under the statute (Code, § 3005), as a specification of the causes or grounds of demurrer to the petition.

3. *Judgment on demurrer; whether interlocutory or final.*—An interlocutory judgment, not pronounced on the merits of the case, overruling a demurrer to a petition for rehearing under the statute "without prejudice," is no bar to the interposition of another demurrer on the trial.

4. *Amendment of petition or pleading, after demurrer sustained.*—A party can not complain, on error, that he was not allowed an opportunity to amend a petition, or other pleading, to which a demurrer was sustained, when the record does not show that he offered or asked leave to amend.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

The record in this case shows that, on the 20th February, 1873, James Brock, the appellant, instituted an action, in the Circuit Court of Morgan county, against the South and North Alabama Railroad Company, to recover damages for personal injuries sustained by his minor son while in the employment of said corporation ; that the cause was transferred, by agreement of counsel, to the Circuit Court of Limestone for trial, and was there continued for several terms ; that at the May term, 1876, Hon. W. B. WOOD presiding, it was dismissed by the court, on motion of the defendant, for want of prosecution, neither the plaintiff nor his attorney appearing ; that at the same term a motion was

made, supported by affidavits, to set aside the order of dismissal, and to reinstate the cause on the trial docket, and that this motion was overruled and refused. The record further shows that, on the 8th July, 1876, the plaintiff presented his petition, under oath, to Hon. LOUIS WYETH, the presiding judge of an adjoining circuit, stating the proceedings had in the cause, and asking a rehearing under the statute (Code, §§ 3161–71). The petition stated, as grounds for the relief asked, that the plaintiff's attorney, when the cause was called for trial in the Circuit Court, was engaged in the trial of a cause in the United States Circuit Court at Huntsville ; that this fact was well known to the defendant's attorney ; and that the plaintiff had been informed by his attorney that his own attendance was not necessary, since the fact of his attorney's professional engagement in another court was well known to the defendant's attorney, and that no advantage would be taken of his absence. The defendant appeared, by counsel, before Judge WYETH, and demurred to the petition, assigning several causes of demurrer. On the hearing, which was had at Huntsville, on the 24th July, 1876, Judge WYETH overruled the demurrer, in a written opinion, and ordered a *supersedeas* in accordance with the prayer of the petition. The ruling on the demurrer, as indorsed on it by the judge, was in these words : "July 24, 1876. Demurrer overruled, without prejudice, and defendant excepts." At the ensuing May term, 1877, of the Circuit Court of Limestone, Hon. W. B. WOOD presiding, the judgment entry recites that the parties came by attorney,. " and the plaintiff moved the court to strike the defendant's demurrer to the petition from the file ; which motion the court overruled, and defendant's demurrer sustained, and the petition for rehearing dismissed. It is therefore considered by the court, that the defendant go hence," &c. From this judgment the plaintiff appeals, and here makes the following assignments of error : " 1. The court erred in sustaining the demurrer to the petition. 2. In dismissing the plaintiff's petition. 3. In sustaining the demurrer, and dismissing the petition, without giving plaintiff an opportunity to amend his petition."

PAUL L. JONES, and L. P. WALKER, for appellant.—The grounds of demurrer assigned, from one to seven, are not sufficiently definite and specific : each is, in substance, nothing more than a statement that the facts stated do not entitle the petitioner to relief.—*Brown v. Johnson*, 42 Ala. 208 ; *Railroad Co. v. Thomas*, 42 Ala. 672 ; *Pomeroy v. State*, 40 Ala. 63 ; *Robbins v. Mendenhall*, 34 Ala. 722. The judgment of Judge WYETH on the demurrer was conclusive, and could

[Brock v. South & North Alabama R. R. Co.]

not be reviewed by Judge Wood. Granting the order for a *supersedeas* was a judicial determination that the facts, if proved, would entitle the petitioner to relief; and it is as conclusive as a contrary decision would have been against the petitioner.—Freeman on Judgments, 267; *Langdon v. Raiford*, 20 Ala. 532; *Pratt v. Keils*, 28 Ala. 390.

Rice, Jones & Wiley, with whom were Luke Pryor and S. P. Rather, *contra.*—The petitioner does not show that he was without fault, and he must therefore fail, even if the refusal of the court to set aside the order of dismissal, before the adjournment of the term, is not a bar to a subsequent application; as to which, see *Ex parte North*, 49 Ala.; *Ex parte Heflin*, 54 Ala. 95. Brock should have gone to court himself, or had some one to appear for him. In this respect, his attorney's negligence is his own.—*Ex parte Heflin, supra.* The dismissal of a cause, for want of prosecution, it is submitted, is matter of discretion, and is not within the statute. If the court had set aside the dismissal on motion, the defendant could not have revised its action under this statute, or in any other way.

SOMERVILLE, J.—Section 3161 of the Code of 1876 authorizes rehearings in certain cases, after final judgment in the Circuit Court, "where a party has been prevented from making his defense, by surprise, accident, mistake, or fraud, *without fault on his part.*" Section 3171 extends the benefit of this provision to plaintiffs, so far as applicable to them.

The application in this case is made by appellant under the foregoing statute, and his petition shows the following facts: A suit pending in the Circuit Court of Limestone county, instituted by the appellant, Brock, against the appellee, had, at a regular term of the court, been dismissed for want of prosecution, neither the plaintiff nor his attorney being present at the time. A motion to reinstate was made by the plaintiff's counsel, and was overruled. The petition avers that, at the time the cause was called for trial, the plaintiff's attorney was necessarily absent, being engaged in an important trial simultaneously progressing in the United States Circuit Court; and that the plaintiff himself was also absent, having been informed by his attorney that no advantage would be taken of his absence by opposing counsel.

The petition was presented to the circuit judge in vacation. A demurrer was interposed by defendant, which was overruled; and the adverse party was permitted to controvert the petition, by affidavit in writing, as authorized by the stat-

ute; which resulted in the ordering of a *supersedeas*. At the
ensuing term of the Circuit Court, another demurrer, the
same in substance as the first, was interposed; and being
sustained by the court, the petition was dismissed. The
record does not show that any motion was made by the peti-
tioner, asking permission to amend.

There were several grounds of demurrer assigned; among
others, the objection that "the alleged accident, fraud, or
mistake, *was not shown to have occurred without the fault of the
plaintiff, or petitioner.*" This is the only point raised by the
demurrer which we propose to consider, as it proves fatal to
the petition, if correctly taken; and we think it clearly was.

1. We hold, that when a cause is regularly called for trial,
the absence of counsel in another court, necessitated by con-
flicting professional engagements, however urgent, is not nec-
essarily ground for a new trial, but is matter of discretion
with the lower court, which this court will not undertake to
control.—Hilliard on New Trials, p. 420, § 53; *Jacob v. Mc-
Lean*, 24 Mis. 40; 2 Brickell's Digest, p. 276, § 1, cases cited.
Nor would the mere opinion of the attorney, expressed to
the client, that his attendance was not necessary, avail to
render him without fault. To give encouragement to such a
rule of practice, would be disastrous to that speedy admin-
istration of justice in the courts of the country, which it is
of the gravest importance to uphold.—Hill. on New Trials,
p. 422, § 55; *White v. Ryan & Martin*, 31 Ala. 400.

2. It is urged by appellant, that the statement of the fore-
going ground of demurrer is not sufficiently distinct, within
the requirement of section 3005 of the Code (1876). We
think this objection is without force, as the statement points
out with reasonable certainty the defect on which the party
demurring prays the judgment of the court.—*Burns v. Mayor,
&c., of Mobile*, 34 Ala. 485.

3. It is further insisted, that the overruling of the first
demurrer was a bar to its interposition the second time, upon
the final hearing in the Circuit Court. The record, however,
shows that the judgment of the court on the first demurrer
was interlocutory, and not final. It was not pronounced on
the merits of the case; and, therefore, the action of the court
was no bar to the subsequent proceeding to which objection
is taken.—*Perkins v. Moore*, 16 Ala. 9.

4. The last assignment of error is based upon the propo-
sition, that the court below erred in dismissing the petition,
after the demurrer to it was sustained, without affording
appellant an opportunity to amend. The record fails to show
that he requested such permission, by any motion or sug-
gestion made to the court; and for this reason, this point

[The State, use, &c. v. Rice.]

can not now be raised in the appellate court.—*Guilford, &c.,
v. Kendall*, 52 Ala. 651.

In the view of this case which we have taken, it is unnecessary to consider the other questions presented by the record. Our conclusion is, that the Circuit Court did not err in sustaining the demurrer and dismissing appellant's petition for a rehearing in this cause.

BRICKELL, C. J., not sitting.