# Wilson *v.* Holt.

| 85 | 95 |
|----|----|
| 115 | 551 |

*Application for Mandamus to Chancellor, in matter of adding Parties.*

1. *Non-joinder of parties.*—The non-joinder of necessary parties is available on demurrer, motion to dismiss, or by plea or answer, as the defect may appear on the face of the bill, or be made to appear extrinsically; and when the absent parties are indispensably necessary, so that the cause can not be properly disposed of on the merits because of their absence, the objection may be taken at the hearing, or on error, or by the court *ex mero motu*.

2. *Heirs or devisees, as holders of legal title to land; when necessary parties to bill.*—The heirs or devisees of the deceased wife are necessary parties to a bill filed by the heir at law of the deceased husband, seeking to establish his equitable interest, under an ante-nuptial contract, in lands which had belonged to the wife, and which had been sold under a probate decree on the petition of her administrator, with an account of rents and profits against the purchaser, when it appears that the order of sale was void for want of jurisdiction, on account of defects in the administrator's petition.

3. *Striking out parties on demurrer, and afterwards introducing them by amendment.*—When necessary parties to the bill have been erroneously struck out on demurrer, they may be again introduced by amendment, after the remandment of the cause on reversal by this court; and this may be ordered by the court *ex mero motu*, or at the instance of the former demurring defendant.

[Wilson v. Holt.]

This was an application by Waldo P. Wilson, by petition and motion, for a *mandamus* to the Hon. JOHN A. FOSTER, presiding in the Chancery Court at Mongomery, commanding him to strike out an order made at the April term, 1888, in a certain cause pending in said court, wherein said Wilson was complainant, and Jas. L. Holt and others were defendants; by which order, at the instance of the defendants, and against the objection of the complainant, he was required to bring in, as parties to the bill, the devisees under the will of Mrs. Emeline S. Wilson, deceased. The bill was filed by said Wilson, on the 29th day of January, 1883, for the purpose of establishing and enforcing his rights, under an alleged ante-nuptial contract between his deceased father and Mrs. Emeline S. Chambliss, then the widow of David Chambliss, deceased, in and to a large tract of land near the city of Montgomery; also, for a partition of the lands, and an account of the rents and profits from the several defendants, who were in possession as purchasers and sub-purchasers at a sale made by Mrs. Wilson's administrator with the will annexed, under a probate decree rendered on his own petition. The devisees under the will of Mrs. Wilson were made defendants to the bill, but a demurrer was sustained on account of it as a misjoinder, and their names were struck out. The demurrer was overruled on other grounds, and also a motion to dismiss the bill for want of equity; and the decree of the chancellor was affirmed by this court, on appeal sued out by the defendants.—*Holt v. Wilson*, 75 Ala. 58. Afterwards, on final hearing on pleadings and proof, the chancellor dismissed the bill; but his decree was reversed by this court, and the cause was remanded.—*Wilson v. Holt*, 83 Ala. 528. At the April term, 1888, after the reversal and remandment, the defendants amended their answer, by leave of the court, and insisted that the devisees under the will of Mrs. Wilson were necessary parties; and they moved to dismiss the bill on that ground. The cause being submitted, as the chancellor's decree recites, "on objections to the bill for the want of necessary parties," he held that said devisees were necessary parties, and ordered that they should be brought in. The complainant now asks a *mandamus* from this court, commanding the chancellor to vacate this order, and also to strike the amended answer from the files.

TOMPKINS, LONDON & TROY, and WATTS & SON, for the petitioner.—In legal proceedings, a party can not take

[Wilson v. Holt.]

advantage of his own mispleading, nor complain of any action of the court had or taken at his instance.—*Hill v. Huckabee*, 70 Ala. 183; *Caldwell v. Smith*, 77 Ala. 157; *Jones v. McPhillips*, 82 Ala. 116. If the chancellor deemed the devisees necessary parties, he might have rendered a decree saving their rights.—Code, § 3453. By requiring new parties to be brought in at this stage of the cause, the defendants secure the right to take additional testimony, the complainant is compelled to retake depositions, and may eventually lose the fruits of this long litigation by the death or removal of his witnesses; and it may at last appear that the new parties are barred by the statute of limitations, or are equitably estopped by having received their share of the purchase-money.

BRICKELL, SEMPLE & GUNTER, and GRAVES & BLAKEY, *contra*, insisted that a *mandamus* was not the proper remedy, citing cases in 3 Brick. Digest, 625, § 6; also, *Ex parte Elston*, 25 Ala. 72; 98 Amer. Dec. 373.

SOMERVILLE, J.—This case has heretofore twice been before this court on appeal.—*Holt v. Wilson*, 75 Ala. 58; *Wilson v. Holt*, 83 Ala. 528. The application is now for the writ of *mandamus*, to compel the chancellor to strike out an order requiring an amendment of the bill so as to make the devisees of Mrs. Emeline Wilson parties to the suit, on the ground that, as holders of the legal title to the property in controversy, they are indispensable parties.

It is manifest from the last decision made in the cause (83 Ala. 528), which resulted in the reversal and remandment of the cause, that the legal title was never divested out of such devisees, by reason of the fact that the order for the sale made by the Probate Court was held to be absolutely void.

The question as to the introduction of necessary parties, is one which may.be raised by demurrer, motion to dismiss, plea, or answer, according as the defect may appear on the face of the bill, or be made to appear extrinsically. If the absent parties are indispensably necessary—so that the cause can not properly be disposed of on the merits without their presence—the objection may be made at the hearing, or on error, or it may be taken by the court *ex mero motu*. 3 Brick. Dig. p. 373, § 98.

The record shows that these parties were at one stage of

7

the proceeding introduced in the bill by the complainant, and, on demurrer by the defendants, making the objection that there was a misjoinder, were ordered to be stricken out by the court. The sustaining of this demurrer was an interlocutory ruling, liable to be reviewed by the chancellor at any time before final judgment.—*Brock v. S. & N. Ala. R. R. Co.*, 65 Ala. 79. When the decree was reversed and the cause remanded, the decision of this court made the error of the ruling obvious, and the chancellor could properly have ordered the amendment to be made, *ex mero motu*, upon the facts appearing in the averments of the amendment originally proposed and ordered to be stricken out. If he had failed to take this step, the decree would probably have been reversed by this court on appeal, as was done in *Lawson v. Ala. Warehouse Co.*, 73 Ala. 289, because of the absence of parties whose presence is necessary to quiet litigation.

The ruling sustaining the demurrer for want of proper parties was erroneous for two reasons: *First*, when parties who have no interest in a suit (admitting that the devisees of Mrs. Wilson had none, as claimed) are improperly joined as defendants, the other defendants can not take advantage of the misjoinder.—*Horton v. Sledge*, 29 Ala. 479. *Second*, the devisees were not only proper but necessary parties, on the ground, as we have above said, that the legal title of the land devised was vested in them, and was not affected by the void sale attempted to be made by the Probate Court. *Wilson v. Holt*, 83 Ala. 528.

No element of estoppel enters into this case. And the case is clearly distinguishable from *Ex parte Cresswell*, 60 Ala. 378, where the chancellor had made an order setting aside and vacating a final decree rendered by him at a former, or adjourned term.

The applicant fails in showing a specific legal right, and the writ prayed for will be refused on that ground, without deciding the question of the appropriateness of the remedy in this case.

Application denied.

CLOPTON, J., not sitting.