## LUMAN et al. v. HILL*

(No. 1296; February 8, 1927; 252 Pac. 1019.)

APPEAL AND ERROR—EXCEPTIONS PRESERVED BY BILL—PRESUMPTION THAT FINDINGS CORRECT—JUDGMENT—PETITION FOR VACATION— PLEADING—"UNAVOIDABLE CASUALTY" AS USED IN 5923-5934 C. S.

1. Where motion for new trial and motion to set aside and vacate order denying motion for new trial, both of which were denied, were not brought into record by bill of exceptions, they could not be considered by Supreme Court.

2. Where there was no bill of exceptions showing what matters were presented to trial court for its determination at hearing at which court dismissed petition to vacate judgment, Supreme Court must presume that findings of court in order dismissing petition were justified and within issues submitted to it.

3. Petition, alleging that fraud was practised upon defendant by violation of alleged agreement to submit cause upon depositions and assessment schedules and upon an

offer of defendant that judgment might be taken against
him in certain sum, which did not allege that plaintiff
accepted defendant's offer to confess judgment, *held*
not to state facts sufficient to warrant vacation of judg-
ment, under Comp. St. 1920, §§ 5923–5934.

4. Finding that petition for vacation of judgment, under
Comp. St. 1920, §§ 5923–5934, did not state facts suffi-
cient to warrant vacation of judgment was sufficient
reason for dismissal of petition.

5. That defendant's attorney could not be present at trial
on day judgment was rendered because of previous en-
gagements, which kept him in court in another county,
did not constitute "unavoidable casualty," warranting
vacation of judgment, under Comp. St. 1920, §§ 5923–
5934.

*See Headnotes:   (1) 4 C. J. p. 163 n. 81.   (2) 4 C. J. p. 735 n.
25.   (3) 34 C. J. p. 338 n. 95.   (4) 34 C. J. p. 374 n. 97. (5) 34
C. J. p. 316 n. 32.

ERROR to District Court, Fremont County; R. R. ROSE,
Judge.

Action by William F. Hill against Abner Luman and
another. Judgment for plaintiff. A petition filed by
defendant named to vacate the judgment was dismissed,
and he brings error.

*T. S. Taliaferro, Jr.,* and *W. A. Muir,* for plaintiff in
error.

The proceeding sought a reexamination of an issue of
fact under Chapter 365 C. S.; in other words, a proceed-
ing to vacate a judgment under 5923 C. S.; the trial court
erred in not setting the matter down for hearing, as pro-
vided by Section 5928 C. S., but ruled that the petition
and motion did not contain facts sufficient to warrant the
vacation of the order made by Judge Brown overruling
Luman's motion for a new trial; the petition was not dis-
missed because it did not set forth a meritorious case or
conform to the statute in such cases, but because the court
undertook to prejudge the matter without trying and

deciding upon the grounds urged in the petition for the vacation of the judgment, as is contemplated by 5928 C. S.; in support of our position, we cite, Mc Ginnis v. Beatty, 28 Wyo. 337, Mitter v. Coal Co., 28 Wyo. 447, and Ames v. Brinsdon, 25 Kan. 746, cited in Mc Ginnis v. Beatty.

*Gordon J. Christie,* for defendant in error.

The only question presented to this court for review is whether the trial court had jurisdiction to make the order of December 4, 1924? We contend that it did have jurisdiction; there were no irregularities in procuring the judgment; plaintiff in error made no application for continuance until after the trial; the judgment was never appealed from; findings of the trial court on the motion for new trial, and to vacate judgment, are findings of fact and are binding until reversed or modified in a proper appeal; Mitter v. Coal Co., (Wyo.) 206 Pac. 156. It is true that the petition is framed under 5923 C. S., but the proceedings are within the discretion of the court; 15 R. C. L. 720. Litigation should terminate somewhere; the petition to vacate is insufficient in allegations of fact.

BURGESS, District Judge.

May 21, 1918, an action was brought in the District Court of Fremont County by William F. Hill against Abner Luman and Thomas M. Hanks, and on November 20, 1922, a judgment was rendered in his favor for the sum of $1087.95. To the petition of Hill the defendants filed separate answers, each containing a general denial, but upon the trial neither of the defendants appeared in person or by attorney.

Subsequently a motion for a new trial was filed by Luman and denied, and he thereupon filed a motion to set aside and vacate the order denying the motion for a new trial. This, too, was denied by the court. These motions were not brought into the record by a bill of exceptions, and cannot, therefore, be considered by us.

On June 30, 1923, Luman filed a petition, subsequently amended, in which he sought, by virtue of the procedure authorized by chapter 370, W. C. S. 1920, to vacate the judgment of November 20, 1922, on the following grounds:

First, that fraud was practiced by Hill upon Luman in obtaining the judgment in that it was agreed by their respective counsel that the cause should be submitted upon depositions and upon assessment schedules for certain years of Hanks' property, and upon an offer of Luman that judgment might be taken against him in the sum of $300, and that no other evidence should be submitted to the court; that in violation of this agreement other evidence was submitted in the absence of Luman and his attorney, resulting in a judgment against him of $1087.95.

Second, that Luman was prevented by unavoidable casualty from defending said suit on the day the judgment was rendered for the reason that his attorney, because of previous engagements, was busy in court in another county, and could not be present at the trial, and that the trial judge, although he knew this to be a fact, proceeded with the trial.

On December 4, 1924, an order was made and entered in said court dismissing this petition. It is upon this order of dismissal that, in the language of counsel for Luman, "finally rest all the wrongs which the plaintiff in error, Abner Luman, claims he has suffered." He insists the court should have set this petition down for hearing and allowed him to introduce evidence to substantiate the grounds to vacate and modify the judgment, and to introduce evidence to show that he had a valid defense to the action.

But this amended petition and a motion to strike it, which has been filed, were submitted to the court by Luman's attorney on brief, and it was upon this submission that the court made its order. The order so recites

and stands unimpeached. What objections were raised to the petition by the motion to strike, although the motion itself was overruled, and what matters involving the petition were presented to the court for its determination at this hearing by Luman's brief, we do not know, for there is no bill of exceptions. In this situation, we can only indulge the presumption that the findings of the court in the order were justified and within the issues submitted to it.

The court not only found and recited in the order that the defendant Luman had made no proper application for a continuance in said cause prior to the entry of judgment, although duly notified of the pendency of the trial thereof, and that no fraud was practiced by plaintiff Hill or by Hill's attorney, either upon the defendant Luman or upon the court, but it also found that the amended petition did not state facts sufficient to warrant a vacation of the judgment. In this finding we concur. This last finding was of itself sufficient reason for the dismissal of the petition by the trial court. Referring to the first ground above set forth for the vacation of the judgment, it will be observed that there is no allegation that Hill accepted Luman's offer to confess judgment for $300, and in the absence of acceptance, such offer is immaterial. There is no allegation what the amount of the judgment would have been, had the agreement been observed. The depositions and assessment schedules may alone have justified the judgment for $1087.95. They are not in the record and what they proved or tended to prove we do not know. There is nothing alleged that the judgment would have been different had only these two items of evidence been considered. There is no allegation as to what the other evidence offered was. It may have been wholly immaterial or cumulative only. The facts pleaded do not, therefore, show that Luman was prejudiced or harmed in any way by the violation of the alleged agreement.

Referring to the second ground in the amended petition, heretofore set forth, it is quite apparent that the facts therein stated do not constitute unavoidable casualty within our statute.  In Brock v. Railroad Co., 65 Ala. 79, the court says:

"We hold that, when a cause is regularly called for trial, the absence of counsel in another court necessitated by conflicting professional engagements, however, urgent, is not necessarily ground for a new trial but is a matter of discretion with the lower court which this court will not undertake to control."  Cited with approval in Adamek v. Plano Mfg. Co., 66 N. W. 981.

There being no error in the record, the action of the lower court in dismissing the amended petition of plaintiff in error is affirmed.

*Affirmed.*

KIMBALL, J., and TIDBALL, District Judge, concur.