## LUMAN, et al. v. HILL*
### (No. 1296; May 28, 1927; 256 P. 339.)

Judgment—Dismissal of Proceedings to Vacate—Special Proceedings.

1. Trial court may properly dismiss for failure to state facts sufficient to warrant relief a petition under Comp. St. 1920, §§ 5923–5934, to vacate a judgment, after denying a motion to strike the petition, even though no demurrer has been filed; demurrer to petition under this chapter not being authorized by any provision of the Code.

2. A proceeding under Comp. St. 1920, §§ 5923–5934, to vacate a judgment, is not a civil action, but a special proceeding in an action after judgment, in view of section 6369 defining a final order.

*See Headnotes:   (1) 34 CJ p. 343 n. 54.   (2) 34 CJ p. 323 n. 2.

Error to District Court, Fremont County; Robert R. Rose, Judge.

On petition for rehearing.   Petition denied.   For former opinion, see 252 P. 1019.

*T. S. Taliaferro, Jr.,* and *W. A. Muir,* for plaintiffs in error.

*Gordon J. Christie,* for defendant in error.

Before Kimball, Justice, Burgess and Tidball, District Judges.

Kimball, Justice.

The plaintiff in error has filed a petition for a re-hearing.   Our former opinion is reported 252 Pac. 1019.   The petition for a rehearing suggests nothing that causes us to doubt the correctness of our decision.   We held that the finding by the trial judge that the amended petition to vacate did not state facts sufficient to warrant a vacation of the judgment was of itself a sufficient reason for the

dismissal of that petition in the trial court. It is now argued, as, indeed, it was on the former hearing, that, when the motion to strike the amended petition was denied, the trial court had nothing to do but to set the matter for trial. It seems to be contended that on December 4, 1924, the only thing before the trial court was the motion to strike, and when that motion was denied, the trial court had no right to pass upon the sufficiency of the allegations of the amended petition to vacate. This contention cannot be sustained. We think the record shows that the question as to the sufficiency of the amended petition was before the trial court. It is true that no demurrer to the amended petition had been filed, but we can find no authority for holding that a demurrer is necessary to test the sufficiency of a petition filed under chapter 370. The only Ohio decision that we find on the subject is Whitehead v. Post, 3 W. L. M. 195. 2 Ohio Dec. (Rep.) 468, where in speaking of a proceeding under similar provisions of the Ohio Code, it was said:

"*But the Code does not authorize a demurrer.* It has been already shown that the technical civil actions of the Code embrace only the old common law actions. The title vii [ch. 360, Wyo. C. S. 1920] of the Code, which authorizes demurrer, answer, reply, etc., is prefaced with the caption "Pleadings In Actions." The whole title, by its language, object and general scope is inapplicable to this case. And see section 376. [Sec. 5887, Wyo. C. S. 1920]. It can not apply to petitions in error. Nevin v. Smith, 2 Western Law Monthly, 465. If so, the absurd result would follow, that they must be sworn to, which is not the practice. Code, Sec. 106. [Sec. 5692, Wyo. C. S. 1920]. The analogies of the Code are against filing answer or demurrer in this case. Code, Sec. 301. [Sec. 5874, C. S. 1920]. If it were necessary to apply the sections regulating pleadings to this case, possibly it might be done; but there is no such necessity. A hearing must be had without any answer or demurrer. Code, Sec. 538. [Sec. 5929, Wyo. C. S. 1920]. The section which declares a failure to plead an admission, only applies to "civil ac-

tions" proper. Sec. 127. [Sec. 5671, Wyo. C. S. 1920].
The court may, by rule, authorize pleadings; and this
may be convenient, though not essential, in error cases,
to admit a defense of the statute of limitations, or release
of errors. Nash Pr. 692."

In other states it is held that no demurrer or answer
is required to a petition in a statutory proceeding for the
vacation of a judgment. Nord v. Marty, 56 Ind. 531;
Clandy v. Caldwell, 106 Ind. 256, 6 N. E. 360; Hastings
v. Parker, 168 Mass. 445, 47 N. E. 360.

We find many reported cases in which demurrers or
answers to such petitions have been filed. This was so
in at least two Wyoming cases. Bank of Chadron v. An-
derson, 6 Wyo. 518; 48 P. 197; Kinney v. Owens, 15 Wyo.
387, 89 P. 573. While we see no objection to the filing of
such pleadings, and think that in some cases a trial judge
may very properly require them by rule or order, we fol-
low Whitehead v. Post, supra, in holding that in a pro-
ceeding under chapter 370, a demurrer to the petition is
not authorized by any provision of the code. In Clarke
v. Shoshoni Lumber Co., 31 Wyo. 205, 215, 224 P. 845, 848,
we said that "a proceeding to vacate is in effect a new
action, equitable in character," citing State v. Soffietti,
90 Kan. 742, 136 Pac. 260. The proceeding, however, is
not a "civil action," but a special proceeding. Blair v.
Blair, 96 Kan. 757, 153 Pac. 544. It has been precisely
classified under the Ohio Code as a "special proceeding
*in an action* after judgment." Taylor v. Fitch, 12 Oh.
St. 169, 172. See Sec. 6369 Wyo. C. S. 1920.

*Rehearing Denied.*

BURGESS, District Judge, concurs; TIDBALL, District
Judge concurs in the result.