# BALES v. BROME

(No. 2150; August 16, 1940; 105 Pac. (2d) 568)

For the appellants, there was a brief by *C. H. Harkins, C. R. Harkins* and *D. J. Harkins* of Worland and oral argument by *Mr. C. H. Harkins*.

For the respondent, there was a brief by *C. A. Zaring* of Basin, *C. W. Axtell* of Thermopolis, Wyoming, and *Horace S. Davis* of Billings, Montana, and oral argument by *Mr. Davis.*

BLUME, Justice.

In this case the plaintiff J. W. Bales, as trustee, on March 18, 1936, brought an action in the district court

of Big Horn County with reference to a drilling contract for oil and gas. The particulars of the petition need not be mentioned here. D. L. McDonald, D. L. McDonald, trustee, and Wyoming Oil and Refining Company, hereinafter called appellants, were, along with others, made parties defendant. The appellants, each separately, filed a demurrer to the petition on two grounds, namely, that the petition fails to state facts sufficient to constitute a cause of action, and that there is a misjoinder of causes of action. The demurrers were heard, and on March 28, 1936, the court wrote a letter to the attorneys for the respective parties, stating that it would sustain the demurrers of the appellants on the ground of misjoinder of parties defendant. On June 16, 1936, the court, instead of following the statement in the letter, sustained the demurrers of the appellants generally. Thereafter, on November 16, 1936, the appellants filed a motion, setting forth the fact that the demurrers filed by them in the case had been sustained, and asking that they be dismissed from the case. The motion came on for hearing on the same day. Counsel for the plaintiff, and respondent here, were asked whether or not they had objection to the dismissal, and they answered that they did not. The court thereupon sustained the motion, and in its judgment stated that "it is therefore ordered that the above entitled case be and the same is hereby dismissed as to the said defendants" (the appellants here). Thereafter, on September 14, 1937, which was at a subsequent term of court, plaintiff and respondent filed a motion, reciting the commencement of the action; the filing of the demurrers in the case by appellants; the letter of the court to the effect that the demurrers would be sustained on the ground of misjoinder of parties; the entry of the order sustaining the demurrers contrary to the ground stated by the court in its letter; the fact that the actual order entered was by inadvertence, and

asked the court to correct and modify the order to correspond with the facts. On April 12, 1939, the court entered an order vacating and setting aside the order sustaining the demurrers. The appellants have taken an appeal from that order.

■ A motion to dismiss the appeal has been filed on the ground that the order appealed from is not an appealable order. Section 89-4801, Rev. St. 1931, provides: "An order affecting a substantial right in an action, when such order in effect determines the action, and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed as provided in this article." We need not consider the first part of this provision, but proceed to consider whether or not the order of the court from which the appeal is taken is an "order affecting a substantial right * * * upon a summary application in an action, after judgment." Counsel argue that there was no judgment in this case within the meaning of this provision. We think they are in error. The cases cited are either not in point, or are based on technical grounds. The general rule undoubtedly is that a judgment of dismissal such as we have in the case at bar is a final judgment. Canning v. Hackett, 3 Fed. Supp. 460; Zadig v. Insurance Co., 42 Fed. (2d) 142; Rupert v. Brooks May & Co. (Tex. Civ. App.) 299 S. W. 474; Foley v. Douglas & Bro., 121 Conn. 377, 185 Atl. 70; Di Meo v. Hines, 229 Ill. App. 486; Wohlgemuth v. Taylor, 1 Ohio C. C. (N. S.) 62; Jarvis v. Martin, 77 Conn. 19, 58 Atl. 15. A number of other cases are cited in these authorities. It is because a judgment of dismissal is a final judgment that a case cannot, ordinarily, be reinstated after the term. It is stated in 18 C. J. 1207 that a judgment of dismissal in so far as the particular action is concerned, is the same as a judgment

on the merits. So, too, an involuntary dismissal is ordinarily appealable. 4 C. J. S. 237; 3 C. J. 497; Oassig v. Ossing, 51 Ohio App. 215, 200 N. E. 207. Again it is stated in 3 C. J. 483; 4 C. J. S. 222, that when a demurrer is sustained as in the case at bar, and is followed by a dismissal or by giving judgment, the action of the court is reviewable. Thus a dismissal is treated of the same dignity as any other final judgment. See also Litch v. Kerns, 8 Cal. App. 747, 97 Pac. 897. In Ghaster v. Fostoria, 115 Ohio St. 210, 152 N. E. 651, 46 A. L. R. 1439, where, as in the case at bar, the case was dismissed only as to part of the defendants, the court stated: "It is quite clear that when the trial court sustained the demurrer of the railroad company and dismissed it from the case, and the plaintiff declared that he did not desire to further plead, such procedure constituted a final order as to the railroad company, and it was not thereafter a party to the proceedings." In a note, 34 C. J. 799, it is stated that "where a demurrer to a bill in equity is sustained on this ground (namely, that it fails to state a cause of action) it is an adjudication on the merits and bars any further action." The cases cited sustain the note. In the case of Jefferson v. Scott (Tex. Civ. App.) 135 S. W. 705, the court stated that "the judgment sustaining the demurrer and dismissing the case was final, just as much so as though there had been a trial upon the merits." To the same effect is State v. Superior Court, 62 Wash. 556, 114 Pac. 427; Stein v. McGrath, 128 Ala. 175, 30 So. 792. We need not go as far as some of these cases, and cite them merely to show that in our opinion there was a judgment in the case as to the appellants.

Counsel for respondent argue that the form of the order of dismissal is not sufficient to constitute a judgment. But a judgment need not be formal. 4 C. J. S. 330. We do not know how the action could have been more completely determined as to the appellants than

it was by the action of the court. In Robinson v. Salt Lake City, 37 Utah 520, 109 Pac. 817, a motion for dismissal was made. The court's judgment was: "It is ordered that the motion be and the same is hereby granted, and the within case dismissed." This was held to be a final judgment. Similar were the holdings in Degraf v. Seattle etc. Co., 10 Wash. 468, 38 Pac. 1006; Koons v. Williamson, 90 Ind. 599; Heegaard v. Dakota etc. Co., 3 S. D. 569, 54 N. W. 656; Zadig v. Ins. Co., supra. In Stith v. J. J. Newberry & Co. (Mo.) 79 S. W. (2d) 447, the court stated that a judgment of dismissal need not be clothed in all the formalities and recitals of a regular judgment. The contention, accordingly, that there was no judgment in the main case must be over-ruled.

There can, accordingly, be no doubt that the order appealed from is an order after judgment, just as much so as the order vacating a judgment mentioned in Luman v. Hill, 36 Wyo. 427, 256 Pac. 339 and cases cited; State ex rel. v. District Court (Mont.) 37 P. (2d) 567. The order, then, is appealable, under Section 89-4801, Rev. St. 1931, if it affects a substantial right of the appellants. We held in Mitter v. Diamond Coal Company, 28 Wyo. 439, 206 Pac. 152, that an order vacating or modifying a judgment under section 89-2301, Rev. St. 1931, is appealable. The case at bar is similar, and we are not warranted, ordinarily at least, to make distinctions which are too fine. In 3 C. J. 520, it is stated that "appeal and error will generally lie to review a judgment or order or decree, or the record thereof, provided the amended judgment or decree, or the amendatory order * * * affects a substantial right of appellant." See also 4 C. J. S. 263. The point, therefore, of a substantial right, is involved and must be determined. Perhaps the court would have a right to determine it on a motion to dismiss. See Grey v. Brennan, 147 Cal. 355, 81 Pac. 1014. But ordinarily the

court will not consider the merits of a case on such a motion. Enos v. Keating, 36 Wyo. 318, 255 Pac. 1; Security First Nat. Bank v. King, 45 Wyo. 93, 15 P. (2d) 1112; 4 C. J. 602; 4 C. J. S. 1994. A hearing on the merits is preferred. 4 C. J. S. 1992. In the case at bar, the appellants had at least reasonable grounds for claiming, as already indicated, that the matters in litigation between the parties were res judicata, if no amendment to the order sustaining the demurrer had been made or if the order had not been vacated. On the face of that order the appellants had a substantial right which was taken away by the order from which the appeal herein was taken. It would seem to be at least the safer practice in such case to deny the motion to dismiss. Hibernia etc. Soc. v. Cochran, (Cal.) 66 Pac. 732. The question of whether or not a substantial right of the appellants is actually involved appears to be a question which involves the merits. It has been held that if a judgment (or order) is amended or corrected in a material respect, appeal will lie. Paoli v. Bank, 30 Misc. 545, 154 N. Y. S. 192; see also 4 C. J. S. 264, note 25. There can be no doubt that this was true in the case at bar. The motion to dismiss must, accordingly, be overruled.

■ Coming to the merits of the case, the court in its letter to all the interested parties stated that it would sustain the demurrer of the appellants on the ground of misjoinder of parties. In the order actually entered, the demurrer was sustained generally, and, in the absence of correction, would, according to some of the authorities, be considered as having been sustained on all of the grounds. 34 C. J. 895, 1071. Whether that is true or not, it is apparent that the respondent was interested in having the record show the true facts. Counsel for the appellants seem to argue that the court must have changed its mind, and actually intended to sustain the demurrer on the ground that the petition

failed to state a cause of action, for they say in their brief that "surely there was no misjoinder of parties defendant." So far as we can see, there was no such misjoinder. In fact no motion to that effect was made. Possibly, the court meant to hold that there was a misjoinder of several causes of action—a ground mentioned in the demurrer. But if the letter of the court to the parties states the actual facts as to what the court did, it did not sustain the demurrer on either of the grounds mentioned therein. And in view of the order vacating the holding of the court on the demurrer, we can not say that the letter did not state the actual facts.

Counsel for the appellants contend that the order sustaining the demurrer could not be vacated until the case had been reinstated; further, that it could not be reinstated at all, since the term during which the case was dismissed had expired. They cite 17 Am. Jur. 90; 18 C. J. 1207. Ordinarily, the case could not be reinstated after the term. 18 C. J. 1209. Under section 89-2301, Rev. St. 1931, sub. 7, the judgment of dismissal might have been vacated for unavoidable casualty or misfortune preventing the party from prosecuting the action. But no such ground existed. In fact, counsel for the respondent did not object to the judgment of dismissal. Nor is any other ground shown why the dismissal should have been set aside. In 18 C. J. 1207, it is stated that when a suit has been dismissed "it carries the parties and the entire cause of action out of court, and all further proceedings in the action are unauthorized, until the judgment of dismissal or nonsuit is vacated and the cause reinstated, except to render a judgment for costs, or to make such order or decree in the cause as may be necessary to effectuate the judgment terminating the cause." Counsel for appellants believe that these authorities show that the court erred herein in making the order vacating its

order on the demurrer, as spread on the record. But that is not true, as will be shown presently.

The resistance to correct the judgment was probably made, and this appeal has been probably taken, on the theory that the matters in controversy between the parties are res judicata, at least if no new facts can be alleged. Whether that is so or not, there is danger, as already indicated, that such might be the holding if the order sustaining the demurrer were not corrected. That is also indicated by the discussion of the subject in 17 Am. Jur. 91 and pages 95-97. To escape that danger, plain justice would seem to require that the respondent should have the right to show what was actually done, or to have the order corrected, if as a matter of fact no such order as appears in the record of the case was actually made. At common law, judgments could not be corrected after the term. The reason is stated by Freeman on Judgments (5th ed.) Sec. 196, to be that "the interests of society demand that there should be a termination to every controversy. * * * If a vacillating, irresolute judge were allowed to thus keep causes ever within his power, to determine and redetermine them term after term, to bandy his judgments about from one party to the other, and to change his conclusions as freely and capriciously as a chameleon may change his hues, then litigation might become more intolerable than the wrong it is intended to redress." But rules of law are not intended to be used as instruments of oppression or injustice, and when they are sought to be pressed into a service which seems to lead to that result, we must at least inquire whether their scope is as broad as is claimed. While ordinarily, as we have held before, a judgment, as recorded, cannot be modified after the term, there are many exceptions. Numberless cases hold that without reference to any statute, a judgment, as recorded, may be corrected at any time after the term, if it does not

speak the truth, unless, perchance, the statutes of limitations, or laches, apply. 34 C. J. 227 et seq.; 15 C. J. 975 et seq.; 21 C. J. S., Sec. 227, p. 422 et seq.; 14 Am. Jur. 352-353. While practically all of the cases on this subject involve the correction of a judgment, we can see no good reason for thus limiting the rule, and why it should not be applied in other matters, such as an interlocutory order involved in the case at bar. See Rae v. Brunswick Tire Corporation, 45 Ariz. 135, 40 P. (2d) 976. A species of this rule was under consideration in Midwest Refining Company v. George, 44 Wyo. 25, 7 P. (2d) 213. In that case it was held that a judgment may be corrected after the term in order to conform to the stipulation of the parties. In the case at bar, the order sustaining the demurrer is sought to be corrected because the actual ruling of the court was contrary to that expressed in the records. The grounds for correcting the mistake are as impelling in this case as in the Midwest Refining Company case. The fact that in that case there was a final, ordinary judgment in favor of one of the parties, and the fact that in this case there was a dismissal would make no difference. A judgment dismissing an action stands on no higher ground than any other judgment which finally disposes of the case. It is only a species of final judgments.

There are good reasons why a court should have the power to correct its memorials. Some of the courts speak of such correction as affecting the form, and not the substance. Mistakes do occur. In State v. Frame, 150 Kans. 646, 95 Pac. 279, the court stated:

"The judgment is the decision of the court. It may or may not be correctly spread of record in the journal entry. A judgment itself is beyond the power of the court to amend or correct after the expiration of the term of court at which it is rendered. * * *. If, however, the journal entry does not correctly show the judgment as rendered by the court—that is, if by cler-

ical error or inadvertence the record does not speak the truth—then the court may by a nunc pro tunc order, correct the same."

In other words, a distinction must be drawn between the actual judgment or order made by the court and the record thereof. A drama may be enacted on the stage. It may be recorded on a recording instrument. By reason of a defect in that instrument, false notes, false sounds may creep into the testimonial. This testimonial is distinct from the drama as enacted on the stage. The defect in the testimonial could not in the slightest change the drama as actually enacted; neither could an attempt to correct it. The latter is over; it is finished. That, too, is true with the drama of a lawsuit. The proceedings thereof, while related to, are separate and distinct from, the record, the testimonial thereof. If the letter is false, there ought to be a power in the court to correct it, and all the authorities so hold. The writ of coram nobis at common law was a writ to correct the record for certain reasons which we need not mention here (see 31 Ill. L. R. 644-660). It is clear that the motion to correct the record made in this case is an analogous proceeding. It is held that the motion in the nature of coram nobis is a new suit or proceeding. Topel v. Bank, 290 Ill. App. 558, 9 N. E. (2d) 75; State ex rel. v. Roberts (Mo. App.) 116 S. W. (2d) 166. So that, in analogy thereto, the motion made in this case may be said to be an independent proceeding, and not a proceeding *in* the original action, though it is related thereto. See Luman v. Hill, 36 Wyo. 427, 256 Pac. 339, and cases cited for an analogous situation. And when 18 C. J. 1207 states that all further proceedings in an action are unauthorized after a dismissal of an action, it undoubtedly refers to the proceeding actually had in the original action, and not to the testimonial thereof, or the correction of the latter. The cases cited, all of which we have examined, show that

to be true. It follows, too, that there is no valid ground for the argument that it was necessary to reinstate the original action in order to be able to correct the record. The judgment of dismissal ended the original action, but did not affect the power of the court to act in the new proceeding for the correction of its testimonial. In fact it has been expressly decided that a court need not first reinstate a case upon its docket as a condition for the correction of its records. 21 C. J. S. 424; Rae v. Brunswick Tire Corporation, supra. See also Hickman v. Ritchie Coal Co., 252 Ill. App. 560.

The respondent in this case filed a motion to correct the judgment in accordance with the actual decision of the court. The court's order goes further, or does not go far enough; it vacated the entire order; it made no provision for the correction. It is stated in 14 Am. Jur. 353 that "in the exercise of this power of amendment the court is not authorized to do more than to make its records correspond to the actual facts." The court did not do so in this case, and at least under the rule we have discussed, the court perhaps committed an error. We think, however, that the error was, under the circumstances of this case, without prejudice. If the correction had been made as asked, the order would have shown that the demurrer was sustained on the ground that there was a misjoinder of parties defendant. But the demurrer did not state that as one of its grounds, and counsel do not claim that the point was in any way properly before the court. Such order would, accordingly, have been unauthorized, and it was, therefore, properly omitted. See 49 C. J. 411, section 523. We need not decide as to whether the order sustaining the demurrer was properly vacated for "mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order" in accordance with subdivision 3 of section 89-2301, Rev. St. 1931.

Counsel for appellants contend that the court could not make the order appealed from until the respondent had shown that he had a good cause of action in accordance with the provisions of section 89-2307, Rev. St. 1931, which states that "a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or if the plaintiff seeks its vacation, that there is valid cause of action." It may be noted that the statute provides that the *judgment* shall not be vacated until compliance with the prescribed condition. The intention of the statute evidently is that a judgment should not be opened, if it would be useless to do so. Further and actual proceedings in the case are evidently contemplated, if the judgment is opened, so that it might be made possible that a judgment contrary to that therefore given might be rendered in the case. Here the judgment in the case, namely, that of dismissal, was not asked to be disturbed. It was not sought to have any further, actual proceedings in the case, which might lead to a different judgment. All that was asked was the correction of the memorial of what had actually been done in making an interlocutory order. We have found no authority which has held a showing of a meritorious case to be necessary in such case. Interlocutory orders have not heretofore been treated as of the same dignity as final judgments. Freeman on Judgments (5th ed.) Sec. 200; 34 C. J. 216. They may be changed at any time. While that must be done while the case is still pending, the rule that it cannot be changed after the term does not, as such, apply. The same reasons, of course, which exist for not vacating a judgment unless there is meritorious cause of action or defense, might apply to an interlocutory order. But in this case the court, in refusing to sustain the demurrer on the ground that it failed to state a cause of action, impliedly held that it stated such cause,

and no good reasons could be advanced for applying the conditions mentioned in section 89-2307, supra. Furthermore, the correction here sought comes within the equitable powers of the court, and not necessarily at least under the statute, so that it is doubtful that the conditions of section 89-2307 should be applied. As already stated, we have found no case where the conditions of a similar statute, or rule, has been applied under such facts.

In order not to be misunderstood, and to clarify the situation, we should, perhaps, add that some of the statements of counsel for the respondent have given us the impression, whether rightly so or not, that they think that the order of the court had the effect in reinstating the appellants as defendants in the case. But that, of course, is not true. The only effect of the instant proceeding is to show that the matters between the parties is not res judicata. No motion to reinstate the cause as to appellants was made, nor would an order of reinstatement have been valid, after the term, as we have already stated, for no grounds therefor were shown. On the contrary, the respondent made no objection to the judgment of dismissal. The respondent must, accordingly, if he desires to prosecute an action against appellants, take such steps as are authorized by law.

The order appealed from herein is affirmed. Inasmuch as the brief of respondent deals mainly with the motion to dismiss the appeal, no costs will be taxed therefor.

*Affirmed.*

RINER, Ch. J., and KIMBALL, J., concur.