[No. 1381.   Decided January 3, 1895.]

ANNA DeGRAF, *Appellant,* *v.* SEATTLE AND TACOMA NAVIGATION COMPANY, *Respondent.*

APPEALABLE ORDER—CARRIERS—INJURY TO PASSENGER—CON- TRIBUTORY NEGLIGENCE. .

An order of the court granting a motion for non-suit which sets forth that the "motion is granted upon due consideration thereof, and the cause is ordered dismissed and the jury herein duly dis- charged," while not a formal judgment of dismissal or for costs, is. yet sufficient upon which to base an appeal.

Where a passenger upon a steamboat, well acquainted with that. method of travelling and of the jar generally incident to contact with the wharf in effecting a landing, attempts to go to the upper· deck by means of a stairway unprotected by a railing, at the time the steamer is approaching the wharf, and is thrown from the stair in consequence of such a jar, the passenger must be held to have as- sumed the apparent risk connected with the undertaking, although at the time under the charge of an employe of the boat.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman* and *Arthur F. Griffin,* for ap- pellant.

The failure of the respondent to have a suitable and proper guard rail or railing about the stairs, and round the upper deck to prevent passengers from falling and being injured was clearly the cause of the injuries, and respondent is liable in damages. *Skottowe v. Oregon, etc., Ry. Co.,* 30 Pac. 222; *McCormick Harvester Co. v.. Burandt,* 26 N. E. 588; *Johns v. Charlotte, etc., R. R. Co.,* 17 S. E. 698; *Holmes v. Oregon, etc., Ry. Co.,* 5 Fed. 523; *Gilmore v. Phila- delphia, etc., R. R. Co.,* 25 Atl. 774; *Miller v. Steamboat Co.,* 25 N. Y. Supp. 924; *Snelling v. Brooklyn, etc., Ferry Co.,* 13 N. Y. Supp. 398..

Appellant had a right to rely upon the superior knowledge and judgment of purser of respondent, and was not guilty of contribu-

tory negligence in obeying his instructions to follow him up the stairs at the time she attempted to ascend. *Texas, etc., Ry. Co. v. Bingham*, 21 S. W. 569; *Galloway v. Chicago, etc., Ry. Co.*, 54 N. W. 447.

*Boyd J. Tallman* and *W. W. Cotton*, for respondent.

There was no concealed defect in the stairway. The lack of a railing was not hidden. All the risk connected with ascending this stairway being open and apparent to view, there being no circumstances surrounding the case which compelled or forced appellant to use the stairway at that exact time, appellant assumed all risks in attempting to ascend the stairway at the time she did. Hutchinson, Carriers, 422; Thompson, Carriers of Passengers, 88; *Crafter v. Metropolitan Ry. Co.*, L. R. 1 C. P. 300; *Portman v. City of Decorah*, 56 N. W. 512; *Fredericks v. Northern Central R. R. Co.*, 27 Atl. 689; *Delaware, etc., R. R. Co. v. Napheys*, 90 Pa. St. 142; *Eckerd v. Chicago, etc., R. R. Co.*, 27 Am. & Eng. R. R. Cases, 115; *Jennings v. Tacoma Ry. & M. Co.*, 7 Wash. 275; *Mau v. Morse*, 33 Pac. 284; *O. R. & N. Co. v. Egley*, 2 Wash. 409.

Any finding that there was negligence on the part of the respondent in notifying Mrs. De Graf to ascend a stairway without a railing would render her guilty of contributory negligence in accepting and acting upon that invitation before the boat had landed. *Reibel v. Cincinnati, etc., Ry. Co.*, 17 N. E. 107; *Whitlock v. Comer*, 57 Fed. 565; *Jeffersonville R. R. Co. v. Swift*, 26 Ind. 473; *Bardwell v. M. & O. R. R. Co.*, 63 Miss. 574; *Railroad Co. v. Jones*, 95 U. S. 443.

The opinion of the court was delivered by

SCOTT, J.—This is an action for damages for personal injuries. At the close of the plaintiff's testimony the defendants moved for a non-suit, which the court granted. Whereupon the plaintiff appealed. The respondent moves to dismiss on the ground that there has been no final judgment in the case. The order granting the motion is as follows:

"Thereupon [referring to the closing of the testimony in chief], defendants' attorney moved the court for an order of non-suit, which motion is granted upon due consideration thereof, and the cause is ordered' dismissed and the jury herein duly discharged."

We think this is sufficient upon which to base an appeal, although there had been no formal judgment of dismissal or for costs entered, and the motion is denied.

The action is founded upon the following circumstances: On the second day of April, 1892, appellant was a passenger travelling upon the steamer Hassalo from the city of Seattle to the city of Everett, Washington, which said steamer was on said day under the control and direction of the respondent. Appellant was a person of mature years, being a widow forty-five years of age, and having had a business experience of some twenty years in carrying on a dress-making business in said city of Seattle. In following said vocation, she made occasional business trips to the city of Everett, and it was on one of these trips that she received the injury in question. It appeared that she had made at least one such trip every week on said route between said points during the six weeks just preceding the date aforesaid. On said day the steamer arrived at Everett at about two o'clock in the afternoon, with passengers on board variously estimated at from twenty-five to fifty. The appellant was acquainted with the steward on said boat, and at the time he collected the fares she inquired of him what time it was and informed him that she desired to catch the boat on the other side to Snohomish; that she had some business to transact and wanted to go back home by the train; to which the steward replied that she had plenty of time and need not worry. Some time thereafter, as the boat was not making the usual time, he informed her in substance that it would be necessary to hurry somewhat, and that he would tell the driver to drive quickly so she could get back in time. As the boat neared the wharf the steward again went to appellant, asked for and took her baggage, and told her to follow him, and they passed out of the cabin and up to some steps or stairs which led to the upper deck, some seven or eight feet above. Appellant says that before starting to go up the stairs she asked the steward if it was usual to land passengers from the upper deck of the boat; and that the steward again told her to follow; that she started up the stairs and had gotten nearly to the top when the boat bumped against the wharf and threw her down to the deck, at the

foot of the stairs, whereby she received the injuries in question.

There was no rail along said stairs, and this is alleged as one of the circumstances to show negligence. It is also contended that the respondent company is liable for the plaintiff's injuries on account of having assumed to take charge of her and direct her movements, she, at the time of the accident, acting in obedience thereto. It appears, however, that in order to accommodate her the steward undertook to land her immediately upon the arrival of the boat, in advance of the other passengers, and the accident was due to this haste. Appellant testifies that if there had been a railing upon the stairs she could have prevented herself from falling. But it appears from her testimony that she was well acquainted with traveling on steamboats, and she certainly knew that at the time the boat touched the wharf there would be more or less of a jar. She knew that the boat had not yet arrived at the wharf, but was just coming up to it at the time she started up the stairs, and she could see as well as anyone that there was no railing there. Consequently, when she followed the steward up these stairs, she knew as well as any one that there was some little risk connected therewith. Being informed in the premises, she must be held to have assumed the apparent risk connected with the undertaking, and we think the motion for a nonsuit was rightly granted.

Affirmed.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.