JAMES MC GARRY, APPELLANT, *v.* TANNER & BAKES COMPANY, A CORPORATION, RESPONDENT.

NON-SUIT — MOTION FOR — HOW CONSIDERED — DUTY OF COURT. ACTION ON NOTE — PRIMA FACIE CASE — EVIDENCE SUFFICIENT TO ESTABLISH.

1. *Non-Suit — Motion For — How Considered — Duty of Court.*

When a motion for non-suit is interposed, it becomes the duty of the court to assume as true all facts which could be properly found by a jury from the evidence, and then, after giving the plaintiff the benefit of every fair and legitimate inference and intendment which can arise from the evidence, in order that the court may grant the motion, it must appear that the plaintiff still has failed to prove his case.[1]

2. *Action on Note — Prima Facie Case — Evidence Sufficient to Establish.*

In an action against a corporation on a promissory note signed by two of the corporate directors, where it appears that the money was loaned on the credit of the corporation, on the representations of the managing director that the corporation needed the funds; that a check for a portion of the loan was made to and indorsed by the corporation; and that the interest was paid in merchandise out of the defendant company's store, a *prima facie* case is made out.

(Decided November 23, 1899.)

---

[1] *Lowe* v. *Salt Lake City,* 13 Utah, 91; *Jennings* v. *Pratt,* 19 Utah, 129; 56 Pac., 951. (Followed.)

Appeal from the Fifth District Court, Beaver County, Hon. E. V. Higgins, *Judge.*

Action to recover money loaned defendant company at the request of its manager. From a judgment for defendant plaintiff appealed. *Reversed.*

*T. Marioneaux, Esq.*, for appellant.

" An action for assumpsit for money had and received is an equitable remedy that lies in favor of one person against another, when the other person has received money either from the plaintiff himself or third persons, under such circumstances that in equity and good conscience he ought not to retain the same, and which *ex aequo et bono* belongs to the plaintiff." *Soderberg* v. *Kings County*, 45 Pac., 785; *White Pine Co. Bank* v. *Sadler*, 6 Pac., 941; *Reed* v. *Calderwood*, 22 Cal., 463; *Kreutz* v. *Livingston*, 15 Cal., 347; *State* v. *Village of St. Johnsburg*, 1P Atl., 531; *P. H. Zang B. Co.* v. *Bernheim*, 44 Pac., 380; *Pauley* v. *Pauley*, 40 Pac., 29; *Winningham* v. *Foucher*, 52 Mo., App. 458; *Mc George* v. *Harrison Chem. Co.*, 21 Atl., 671.

And this is true although defendant is in ignorance of the fact that it is the plaintiff's money. *Walsh* v. *National Bank*, 32 N. Y. Sup., 794, s. c. 33 N. Y. Sup., 998; *Newman* v. *N. A. S. Co.*, 113 Mass., 362.

Proof of the delivery of the money to Bakes was alone sufficient evidence for the jury on the question of receipt of the money. *Newman* v. *N. A. S. Co.*, 113 Mass., 362; Abbott's Trial Evidence, 275; *Tuttle* v. *Mayo*, 7 Johns, 132.

It is true that a note was taken by the lender in each case from Bakes and Edwards individually, and while in the absence of all evidence to the contrary this fact may

raise an inference of an intent upon the part of the lenders to take these notes as payment; this is but a presumption which yields to evidence of a contrary intention. Story on Prom. Notes, Secs. 104–5, 404; Daniels on Negotiable Inst., Sec. 1261, Vol. 2, p. 256; *Dellapiazza* v. *Foley*, 44 Pac., 727; *Torney* v. *Hadley*, 27 Barb. (N.Y.), 192; *Nael* v. *Murray*, 13 N. Y., 167; *Schermerhorn* v. *Laines*, 7 Johns. (N. Y.), 311; *King* v. *Lowry*, 21 Barbours Sup. Ct. Reps., 539; 18 Am. & Eng. Ency. of Law, pp. 167 and 171; *Higby* v. *N. Y., etc., R. R. Co.*, 13 Bosw. (N. Y.) 497, s. c. 7 Abb. Pr. (N. Y.), 259.

*William F. Knox, Esq.*, and *D. D. Houtz, Esq.*, for respondent.

Plaintiff having brought this action upon an expressed contract alone, can not recover upon any other. *Clark* v. *Sherman*, 32 Pac., 771; *Distler* v. *Dabney*, 28 Pac., 335; *Hinkle* v. *San Francisco, etc.*, 55 Cal., 627; *Jeffersonville* v. *Worland*, 50 Ind., 339; *Woolsey* v. *Ellenville*, 23 N. Y. Supp., 41; *Christian College* v. *Hindley*, 49 Cal., 347; *Werlni* v. *Collins*, 54 N. Y., 365; *Prixler* v. *Nichols*, 8 Iowa, 106.

The only contracts, shown by the evidence, then, are those contained in the writings ; Bakes and Edwards only are liable upon them. Tiedeman on Commercial Paper, Sec. 87; Randolph on Commercial Paper, Sec. 147; *Slackpole* v. *Arnold*, 11 Mass., 27; *Bedford Com. Ins. Co.* v. *Covell*, 8 Metc., 442; *Slawson* v. *Lasing*, 5 Allen, 340; *Davis* v. *England*, 141 Mass., 587; *Tucker* v. *Mfg. Co.*, 98 Mass., 101; *Moffat* v. *Hampton*, 31 S. W., 881; *Casco Nat'l Bank* v. *Clark*, 139 N. Y., 307; *Sparks* v. *Dispatch Co.*, 15 S. W., 417.

There being no original authority in Bakes to borrow money, his doing so could only become binding upon the

respondent by its ratifying his acts. Knowledge of the material facts is a prerequisite to a ratification. Mechem on Agency, Secs. 128–9,148; 1 Am. & Eng. Ency. Law, 432. Bakes could not rectify his act. Mechem on Agency, Sec. 121.

We hold that though a person may be present when money is borrowed by another for him, and though it may be delivered there to him, he would not be liable for its return without his agreement to pay it in case the borrower failed. *Railroad National Bank* v. *The City of Lowell*, 109 Mass., 214; *Kelley* v. *Lindsey*, 7 Gray, 287; *Henry* v. *Wilkes*, 37 N. Y., 562; *Spooner* v. *Thompson*, 48 Vt., 259

BARTCH, C. J.

The material allegations in the complaint in this case are substantially as follows: That W. H. Bakes was the active manager and superintendent and had sole and exclusive charge of the business of the defendant, a corporation; that on February 13, 1896, Bakes requested the plaintiff to loan the corporation $250, and agreed, on behalf of the corporation, that if plaintiff would loan it that sum, the corporation would repay him, on or before August 2, 1896, with interest at 12% per annum from date until paid; that then and there, in consideration of said promise of repayment, the plaintiff delivered $250 to Bakes, as the agent of the corporation, and for its use and benefit; that the agent Bakes immediately delivered the money to the corporation, which immediately received it and applied the same to its own use and benefit, with the knowledge that the money had been furnished by the plaintiff; that, as security for the loan to the corporation, Bakes delivered to the plaintiff a promissory note, dated February 13, 1896, for $250, payable to plaintiff on or

before August 2, 1896, with interest at 12% per annum from date thereof until paid, signed by Bakes and Moses Edwards; that at maturity of the note the plaintiff demanded payment from the makers, and, upon their failing to pay, demanded payment of the $250 loaned, from the defendant, but it also refused and still refuses to pay; and that the whole sum remains due and payable to the plaintiff by the corporation.

The complaint contains substantially the same allegations for a second cause of action, in respect to a loan, made to the defendant, by one W. P. Smith, of the same amount, on March 10, 1896, payable June 10, 1896, together with an allegation showing an assignment of Smith's cause of action to plaintiff.

The answer admits the corporate existence of the defendant, denies generally the allegations of the complaint, and as affirmative matter, alleges that Edwards, who signed the notes with Bakes, was indebted to the corporation, and to reduce the indebtedness he borrowed the sums of money sued for, and gave the notes with Bakes as surety, and afterward paid the same to Bakes requesting him to apply it to such indebtedness, and that Bakes credited the amount to the account of Edwards.

At the trial, when the plaintiff rested, on motion of defendant a non-suit was granted, and on this appeal the action of the court in the premises has been assigned as error.

The motion, as shown by the transcript, was made on the ground "that the evidence introduced, on the part of plaintiff, does not establish the allegations of his complaint — does not prove the facts therein stated." This motion presented no question of variance, nor did it attack the sufficiency of the complaint. Much of the

argument of counsel in their briefs, therefore, is not relevant to the controlling question presented by the motion, which is simply whether the proof established a *prima facie* case.

It will be noticed from the pleadings that the two sums of money sued for were admittedly borrowed from the plaintiff, and his assignor, and the material issue, therefore, was as to who actually borrowed it — whether Edwards or the corporation.

To determine whether or not a *prima facie* case was made out, we must ascertain what the proof was upon this issue.

From the testimony it appears that W. H. Bakes, at the time the transactions in question took place, and for a number of years prior thereto, carried on the business of the defendant, which was a mercantile corporation and had a store in Beaver City, Utah, known as the Tanner-Bakes Company's store, of which Bakes was the business manager. Bakes called the plaintiff Mc Garry into the store and applied to him for the money, saying he would give him two directors for security, one of which was Moses Edwards. He further represented to Mc Garry that he had to raise $500 for a drummer who was there and had to have the money. Thereupon Mc Garry gave him $250, — $105 in cash, and his check for $145. The check, which was dated Feb. 13, 1896, was made to the Tanner-Bakes Company, as follows: "Commercial National Bank, pay to the order of Tanner-Bakes & Company one hundred and forty-five dollars ($145). James Mc Garry."

The check, when introduced in evidence, bore the following indorsement: "Pay to the order of Mc Cornick & Company, Bankers. Tanner-Bakes Company."

It appears that about two weeks after advancing the

money McGarry received the note which was signed by Edwards and Bakes. Edwards had also applied to him to make the loan to the company.

On cross examination, the plaintiff, among other things, testified: "I gave the money to Tanner & Bakes Company. I read the name of Edwards and Bakes on this note. I took it that way that they had a right to — that they were for the company. I never made any protest about the company not being on it. I accepted it with Bakes and Edwards on it; I supposed that was the Tanner-Bakes Company."

It also appears that in the first instance when Bakes applied to Mc Garry for the loan, the latter proposed to make it to the company:

The evidence respecting the transaction with Smith on material points, is quite similar to that respecting the loan from Mc Garry.

In neither of these transactions does it appear that there was any suggestion that the money was being borrowed for Moses Edwards, and Edwards himself testified that he "did n't borrow any individually." There is also evidence tending to show that whenever the company had given any written obligation for money, it was always made by the directors as individuals. It is further shown that interest on the Mc Garry loan was paid in merchandise out of the defendant's store.

Without further reference in detail it is clear that the evidence contained in the record is such that, if true, it establishes a *prima facie* case; and "when a motion for non-suit is interposed, it becomes the duty of the court to assume as true all facts which could be properly found by a jury from the evidence, and then, after giving the plaintiff the benefit of every fair and legitimate inference and intendment which can arise from the evidence, in order

that the court may grant the motion it must appear that the plaintiff still has failed to prove his case." *Lowe* v. *Salt Lake City*, 13 Utah, 91; *Jennings* v. *Pratt*, 56 Pac. Rep., 951.

The appellant's proof in this case was clearly of such a character as precludes a judgment of non-suit. We do not deem it necessary to discuss any other question presented.

The case is reversed, with costs, and the cause remanded with directions to the court below to grant a new trial.

Miner, J., and Baskin, J., concur.