# ROBINSON v. SALT LAKE CITY.

No. 2122.  Decided June 3, 1910 (109 Pac. 817).

1. JUDGMENT—FORMAL REQUISITES. Where there is no statute requiring a judgment to be in any particular form, it is sufficient if by the use of proper language it is stated what the prevailing party shall receive and what the losing party is required to do, pay, or discharge. (Page 523.)

2. TRIAL—NONSUIT—HEARING ON MOTION. On a motion for a nonsuit, nothing is before the court except the question whether, in view of the evidence before the court, the case is one which should be determined as a question of law, and, if the motion is granted, the only judgment that is permissible is one dismissing the action, and such a judgment arrests any further proceeding in that action except on appeal. (Page 523.)

3. JUDGMENT—BAR—JUDGMENT OF NONSUIT. On sustaining a motion for nonsuit, the judgment rendered is not a bar to a future action upon the same cause of action.[1] (Page 523.)

---

[1] Guthiel v. Gilmer, 27 Utah, 496, 76 Pac. 628.

4. TRIAL—MOTION FOR NONSUIT—JUDGMENT. A judgment roll after giving the title of the cause, reciting that the cause came on regularly for trial, that a jury was duly impaneled, that witnesses were sworn and examined on behalf of plaintiff, that plaintiff rested, that counsel for defendant moved for judgment of nonsuit and dismissal, stated that, "the court having considered and now being fully advised in the premises, it is ordered that the motion be and the same is hereby granted and the within case dismissed." Held to constitute a judgment sufficient to arrest all further proceedings. (Page 524.)

5. APPEAL AND ERROR—APPEALABLE ORDERS—NONSUIT. Such judgment was a final one and appealable. (Page 524.)

6. APPEAL AND ERROR—ENTRY IN JUDGMENT BOOK—"JUDGMENT ROLL." Comp. Laws 1907, sec. 3195, provides that the clerk must enter judgments in a book "called the judgment book." Section 3197 provides that, immediately after entering the judgment, the clerk must attach and file certain papers including "a copy of the judgment," which constitutes the judgment roll. Section 3301 provides that an appeal may be taken within six months from the entry of the judgment appealed from. Held that, before an appeal can be taken from a judgment, it must be entered in the judgment book. (Page 525.)

7. APPEAL AND ERROR—TIME FOR PROCEEDINGS—ENTRY OF JUDGMENT. The time from which an appeal may be taken dates from the entry of the judgment. (Page 525.)

8. APPEAL AND ERROR—PRESUMPTIONS—PERFORMANCE OF DUTY BY CLERK. Comp. Laws 1907, sec. 3195, provides that the clerk must enter judgments in a book "called the judgment book." Held, that it would be presumed on appeal, where nothing appears in the judgment roll to the contrary, that the clerk entered the judgment in the proper book before the judgment roll was made up, and this presumption will not yield to a collateral attack by affidavit, but can only be overcome by an amendment to the record.2 (Page 525.)

9. MUNICIPAL CORPORATIONS—INJURIES FROM DEFECTS IN STREET—ACTIONS—QUESTION FOR JURY. In an action against a city for injuries caused by an excavation in a street, evidence held sufficient to present a case for the jury on the question of defendant's negligence. (Page 527.)

10. TRIAL—NONSUIT—QUESTIONS OF LAW. Where plaintiff's evidence and the inferences therefrom would authorize reasonable men to arrive at different conclusions as to whether all the essential facts

2 Warnock v. Peterson, etc., Co., 35 Utah, 542, 101 Pac. 699.

were proven, the question is one of fact, although the evidence on some points may be very unsatisfactory.3    (Page 527.)

11. MUNICIPAL CORPORATIONS—INJURIES FROM DEFECTS IN STREET—NOTICE OF DEFECT—QUESTION FOR JURY. Where, in an action against a city for injury resulting from an excavation in a street, the jury find that some stranger made the excavation, the question of whether the city had notice of its existence and character is one of fact.4    (Page 527.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by John Robinson against Salt Lake City.

Order dismissing the action.    Plaintiff appeals.

REVERSED AND REMANDED.

*Thurman, Wedgwood & Irvine and E. A. Walton* for appellant.

*H. J. Dininny and P. J. Daly* for respondent.

FRICK, J.

Appellant brought this action to recover damages for personal injuries which it is alleged he sustained by being thrown from his wagon while driving in one of the streets within the corporate limits of respondent city.   It is alleged that said street was in a defective and dangerous condition for travel by reason of an excavation which respondent had caused to be made and had negligently suffered to remain therein.   Respondent denied all the acts of negligence, and pleaded contributory negligence.   At the trial, after appellant had produced his evidence and rested, counsel for respondent moved for a nonsuit.   The court sustained the motion and dismissed the action; hence this appeal.

Counsel for respondent have interposed a motion to dismiss the appeal upon the ground "that no judgment has ever

---

3 Brown v. Salt Lake City, 33 Utah, 242, 93 Pac. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828.

4 Jones v. Ogden City, 32 Utah, 221, 89 Pac. 1006.

been entered in this action." At the hearing the argument for dismissal was based upon two grounds: (1) That no judgment had been entered; and (2) that no judgment had been rendered in the action by the court.

We shall consider the last ground first. From the judgment roll as certified up by the clerk of the district court the following is made to appear: After giving the title of the case, and after reciting that the cause came on regularly for trial, that a jury was duly impaneled, that witnesses were sworn and examined on behalf of plaintiff, and that plaintiff had rested, the record continues: "Whereupon H. J. Dininny (respondent's counsel) now moves the court for judgment of nonsuit and dismissal herein, . . . . and, the court having considered and now being fully advised in the premises, it is ordered that the motion be, and the same is hereby, granted, and the within case dismissed." It is contended that the foregoing language does not constitute a judgment, and, if it is to be given any effect at all, it can be considered only as an order for a judgment. The statute does not require a judgment to be in any particular form. Ordinarily a judgment is sufficient if by the use of proper language it is stated what the prevailing party shall receive and what the losing party is required to do, pay, or discharge, and in that way adjudicates and disposes of the matters in controversy. On a motion for a nonsuit nothign is before the court except the question whether in view of the evidence before the court the case is one which should be determined as a question of law. If a motion is granted, the only judgment that is permissible is one dismissing the action; that is, one which arrests any further proceeding in that action except on appeal. Such a judgment is not a bar to a future action upon the same cause of action, and cannot be pleaded as such. (*Guthiel v. Gilmer,* 27 Utah, 496, 76 Pac. 628.) For these reasons, the courts have held very informal judgments of dismissal sufficient to sustain an appeal, as is well illustrated by the following cases: In the case of *DeGraf v. Seattle, etc., Co.,* 10 Wash. 468, 38 Pac. 1006, a motion for a nonsuit was inter-

posed as in this case. As appears from the judgment roll in that case the judgment was in the following form: "Thereupon defendant's attorney moved the court for an order of nonsuit, which motion is granted upon due consideration thereof, and the cause is ordered dismissed and the jury herein duly discharged." The foregoing was held to be sufficient as a final judgment from which an appeal would lie. In *Koons v. Williamson*, 90 Ind. 599, the Supreme Court of Indiana held that the following constituted a final judgment from which an appeal could be prosecuted, to wit: "To which ruling of the court the plaintiff excepts, and the cause of action is dismissed at the cost of the plaintiff." No doubt it is the last clause of the quotation which constituted the judgment. In *Heegaard v. Dakota, etc., Co.*, 3 S. D. 569, 54 N. W. 656, the entry was as follows: "By the Court: The judgment is that the action be and is hereby dismissed." This, it was held, was sufficient in form to constitute an appealable judgment. It is not possible to draw a distinction between the cases just quoted from and the case at bar. But, entirely apart from authority, why is the language we have quoted in this case not ample **4, 5** to constitute a judgment which disposes of the action? As presented by the record, the language purports to be the action or judgment of the court dismissing the action and nothing else. This judgment arrested all further proceedings, and hence was a final judgment in the action, and, if so, was appealable.

The next contention is that the appeal should be dismissed herein because the alleged judgment was not entered in the judgment book, as required by section 3195, Comp. Laws 1907. This section, in effect, provides that the clerk must enter the judgments in a book "called the judgment book." By section 3197 it is also in substance provided that "immediately after entering the judgment the clerk must attach together and file the following papers which constitutes the judgment roll." These papers include "a copy of the judgment." In this case the judgment roll was made up as required by said section. Section 3301 provides: "An

appeal may be taken within six months from the
entry of the judgment or order appealed from." From **6, 7**
the provisions contained in the foregoing sec-
tions there remains little, if any, room to doubt that before
the judgment roll is made up and before an appeal can
legally be taken from a judgment, it must be entered in the
judǵment book, and that the time within which an appeal
may be taken dates from such entry.

The question remains, however: How must the fact that
a judgment has been duly entered be made to appear in the
record on appeal? As we have pointed out, section 3195,
*supra,* provides that the clerk must keep a judgment book in
which he must enter the judgments, and that he must do this
before he makes up the judgment roll. The duty to do these
things is therefore imposed upon a public officer. The pre-
sumption therefore arises that the officer has regularly dis-
charged the duties of his office which are imposed by law.
(Lawson, Law of Presumptive Evidence [2 Ed.], p. 67.)
The presumption therefore is that the clerk entered the judg-
ment in the proper book before the judgment roll was made
up. By an inspection of the judgment roll as made up by
the clerk in this case nothing is made to appear therefrom
that the clerk has not performed his duty. There is
an affidavit presented, however, in which it is stated **8**
that the judgment was not entered before the appeal
was taken. This affidavit is, however, not a part of but is
dehors the record. We have recently in effect held that, for
the purpose of determining whether this court has jurisdic-
tion or not, the record as certified up by the clerk until
amended in due course is conclusive. (*Warnock v. Peter-
son, etc., Co.,* 35 Utah, 542, 101 Pac. 699.) If it is contended
that the record does not speak the truth, it may not, for that
reason be collaterally assailed by affidavit, but must be
amended so as to conform to the actual facts, and until so
amended this court is bound by the record as certified to by
the clerk. By an inspection of the record, therefore, as certi-
fied up, we must indulge the presumption that the clerk dis-
charged the duty imposed upon him by law, and that he

entered or caused the judgment to be entered in the judgment book before he made up the judgment roll, and, until this presumption is overcome by the record itself, the presumption must prevail. If this presumption is attacked and the record is assailed as not being correct, it must be corrected by way of amendment as above indicated. When a proposed amendment is found to be correct in point of fact and is allowed, then the record on its face may disclose the defect of jurisdiction, and when such is the case, and not otherwise, can the jurisdiction of this court be successfully assailed. For the foregoing reasons the motion to dismiss the appeal must be denied.

We will now proceed to a consideration of the case on the merits. From the evidence preserved in the bill of exceptions (excluding the formal proof) the jury were authorized to find, in substance, that the street in question was within the corporate limits of the respondent city; that it was open and generally used for travel; that early in February, 1909, one Sam Bates, who was then employed in the water department of respondent, dug an excavation in said street for the purpose of exposing the water mains or pipes laid therein; that the excavation was about four feet long, about two feet wide, and from three and one-half to four feet deep; that it was anywhere from four to fifteen feet from the ditch or gutter on the outside of the sidewalk and in the traveled portion of the street; that the earth was thrown back into the excavation in a loose manner; and that, by reason of the rains and the flat and wet condition of the soil, water had gathered and was standing in pools in different parts of the street, a portion of which covered the excavation in question; that the excavation had remained in the street in such condition for about four days before the happening of the accident; that while the street was in the condition aforesaid, and while appellant was driving his team hitched to his garbage wagon in the traveled portion of the street, one of his horses suddenly fell into the excavation, and immediately thereafter the front wheel of appellant's wagon also went into the "hole," as appellant called it; that this

caused the wagon to lurch to one side, by reason of which appellant was thrown from his seat on the wagon where he was riding into the street, and at least one of the wheels of the wagon passed over his leg, breaking the bones, and permanently injuring him and causing him much pain and suffering. We remark that the evidence on some of the points was not clear, and on others it was inferential rather than direct. Appellant after adducing evidence which tended to establish the foregoing facts rested, whereupon counsel for the city moved the court to grant a nonsuit upon the grounds: (1) That "the plaintiff has failed to make a cause of action within the allegations of his complaint;" and (2) "that he has failed to prove that the city made any excavation, or left any excavation in the street, or that anybody made an excavation in the street and it had been left for any length of time to charge the city with notice of the same." The court granted the motion and dismissed the action. Appellant now urges that the court erred in not submitting the case to the jury upon the evidence.

We are of the opinion that appellant's contention is correct. While there is nothing to indicate on which one of the grounds the court based its ruling, yet we think that, under the evidence, the case is one which should have been submitted to the jury on both grounds. We think the evidence is sufficient to authorize a finding that there was an excavation in one of the main thoroughfares of the city which caused it to be defective if not dangerous, and that appellant was injured while he was using the street for the purposes for which it is intended. True, the evidence may not be overwhelming, nor even strong on some of the points, and it may even tend to show contributory negligence; but whether the evidence is strong or weak, or whether there is some evidence of contributory negligence or not, is not the test. The test is whether or not there is some substantial evidence in support of every essential fact which a plaintiff is required to prove in order to entitle him to recover. If the evidence and the inferences are of the character which would authorize reasonable men

to arrive at different conclusions with respect to whether all the essential facts were or were not proven, the qustion is one of fact and not of law. This is so although the evidence on some points may be very unsatisfactory or doubtful. (*Brown v. Salt Lake City,* 33 Utah, 242, 93 Pac. 570, 14 L. R. A. [N. S.] 619, 126 Am. St. Rep. 828.) This has so often been said by the courts that the rule has become elementary. The only difficulty arises in its application.

We think the court also erred upon the second ground. Whether the city caused the excavation to be made, or whether some stranger made it was a question of fact. Again, if the jury had found thae some stranger made the excavation, or caused it to be made, the question of whether the city had or had not notice of its existence and character was also a question of fact to be submitted to the jury under proper instructions. (*Jones v. Ogden City,* 32 Utah, 221, 89 Pac. 1006.)

In view of what has been said, the remaining assignment is immaterial.

For the foregoing reasons, the judgment is reversed, and the cause is remanded to the district court, with directions to grant a new trial, and to proceed with the case in accordance with the views herein expressed, appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.