CHARLES F. TAYLOR, *Respondent*, v. KITSAP COUNTY
TRANSPORTATION COMPANY, *Appellant*.[1]

[1]Reported in 290 Pac. 996.

*Bogle, Bogle & Gates* and *Sidney A. Moss,* for appellant.

*Rummens & Griffin* and *John G. Matthews, Jr.,* for respondent.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in the sum of $6,750. Thereafter, motions for judgment notwithstanding the verdict and for new trial were made. The motion for judgment notwithstanding the verdict was overruled; the motion for new trial was overruled contingent upon the plaintiff electing to take a judgment for $4,500. The election being made, judgment was entered against the defendant for $4,500, from which it appeals.

The facts essential to be stated are these: The appellant is a corporation, and owns and operates steamboats from Seattle to various points on the opposite side of Puget Sound. On the morning of June 9, 1928, at 8:15, the respondent boarded one of the appellant's steamers, the "Winslow," at Seattle, intending to cross the sound to a place called Winslow to perform some duty under his employment with a railroad company, he being a carpenter. The steamship "Winslow" had a railing around the passenger deck, approximately three feet high. On each side, in the forward part, there were two gates, which set into the railing, and which could be lifted out. Before reaching Winslow, the boat stopped at a place called Holly, for the purpose of permitting two or three passengers to alight. At this time, the rear gate on the port side of the vessel was lifted out and the gang plank run out. After the

passengers had alighted, the gang plank was drawn in, but the gate was not replaced in the railing. The time from Holly to Winslow, which was the next landing, was five or ten minutes. As the vessel approached this landing, the respondent was standing about three feet from the railing and a little forward of the open gate. The boat landed with a bump or jar, and he was thrown from the deck of the vessel to the dock, and sustained the injuries of which he complains. The dock, at the time, was approximately eighteen inches lower than the deck of the vessel.

The facts stated are those testified to by the respondent. The witnesses called by the appellant testified directly to the opposite. There were seven of these witnesses, four of the boat's crew and three young ladies of high school age, all of whom testified that there was no bump or jar when the boat landed. Five of them testified that, at Holly, the gate was replaced in the railing, and that, as the boat was landing at Winslow, and when it was within a foot or two of the dock, and before the gang plank had been run out, the respondent, then standing in front of the open gate, attempted to step from the deck of the vessel on to the dock, and fell as he did so.

It is first contended that the trial court erred in not sustaining the motion for judgment notwithstanding the verdict. If the facts are as testified by the respondent, there was evidence to take the case to the jury upon the claimed negligence of the appellant. It is said, however, that the case should be taken from the jury because the respondent was guilty of contributory negligence as a matter of law. Contributory negligence is an affirmative defense, and under the facts of this case, which the jury had a right to find, we are of the opinion that it cannot be said that the respondent was guilty of contributory negligence as a matter

of law. If the gate was left open at Holly and the respondent was standing where he says he was, and the boat landed with a bump or jar, the question of contributory negligence was one for the jury.

In the case of *Johnson v. Washington Route,* 121 Wash. 608, 209 Pac. 1100, the plaintiff, a passenger on a steamboat, was held guilty of contributory negligence, precluding a recovery, because she stepped off the end of the gang plank in broad daylight, without looking to see if there was any step at the end of the plank, and fell because of failure to use her faculties. That case does not fit the facts in the case now before us.

Special reliance is placed on the case of *De Graf v. Seattle & Tacoma Nav. Co.,* 10 Wash. 468, 38 Pac. 1006, in which it was held that, where a passenger upon a steamboat, well acquainted with that method of traveling and of the jar generally incident to contact with the wharf in effecting a landing, attempted to go to the upper deck by means of a stairway unprotected by a railing, at the time the steamer was approaching the wharf, and was thrown from the stair in consequence of such a jar, the passenger must be held to have assumed the apparent risk connected with the undertaking, although at the time under the charge of an employee of the boat. Assuming that that case was correctly decided and placed upon the proper ground, the holding there made does not cover the facts of the case now before us, as the jury had a right to find them. The questions of negligence and contributory negligence were for the jury.

It is next contended that the trial court erred in denying appellant's motion for a new trial for the reason that the verdict was contrary to the weight of the evidence. As above indicated, the evidence was directly in conflict, the greater number of witnesses testifying for the appellant. The trial court declined

to grant the motion on this ground, and, since the verdict is sustained by substantial evidence, it will not be interfered with here, as has been many times held.

The case of *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, presents a very different situation than that presented in this case. There the trial court, being satisfied that the verdict was against the weight of the evidence and that substantial justice had not been done between the parties, refused to grant a new trial because it believed that it was not at liberty to disturb the jury's finding. It was there said:

"It appears from the foregoing statement that the trial court labored under an entire misapprehension as to its powers and duties. Our statute provides that a new trial may be granted, among other grounds, for insufficiency of the evidence to justify the verdict; and this power must be exercised by the trial courts, if at all. These courts should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

In the present case, in connection with the ruling upon the motion for new trial, the trial judge incidentally remarked, when considering the amount of the verdict, that he would not be justified in setting aside the verdict on the ground of the insufficiency of the evidence, because there was some evidence on which it could be sustained. Previous to this he had stated that the question of the sufficiency or insufficiency of the evidence had been fully argued, and that no further argument was desired on that point. There is nothing in the remarks of the trial judge which would indicate that, in his opinion, the verdict was against the weight

of the evidence and that substantial justice between the parties had not been done. The ruling of the trial court upon this question will not be disturbed.

It is next contended that the trial court erred in denying the motion for new trial because of misconduct of counsel for the respondent in argument to the jury. During the argument, this occurred:

"Mr. Matthews: . . . In talking with counsel on the opposite side, outside in the hall a few minutes ago, I asked him if he was going to divide his argument with his associate counsel and he said, 'No, I am going to argue this myself. This is no boy's job.'

"Mr. Moss: Your honor, I must object to the remarks of counsel.

"The Court: I certainly think that this is highly improper.

"Mr. Moss: That they are highly improper and they are prejudicial, and ask that they be stricken and the jury instructed to disregard them.

"The Court: Counsel will confine his argument to the issues in the case, and the jury will be instructed to disregard the remarks made by counsel with reference to an alleged conversation had with opposing counsel."

Whatever prejudicial effect there may have been in these remarks was cured by the commendable promptness and directness of the trial court in characterizing them as "highly improper" and instructing the jury to disregard the same.

Complaint is further made of the comments that counsel made with reference to written statements that the three young ladies above referred to had made prior to testifying in the case. There was no evidence to sustain the facts stated with reference to these written statements, and, when they were objected to, the counsel was admonished by the court to confine his argument to the testimony. The remarks complained of do not fall within the case of *Rogers v. Kangley*

*Timber Co.,* 74 Wash. 48, 132 Pac. 731, where it was held that the repeated use by counsel of abusive language, charging the appellant with theft and fraud not supported by anything in the record, and tending to prejudice the minds of the jury, deprived the party of a fair trial, and the error was not cured by instructing the jury to disregard the statements. In the case now before us, we think the error was cured by the trial court, and that the appellant was not deprived of a fair trial by reason of the remarks complained of.

It is next contended that the court erred in denying a motion for new trial because of irregularities and misconduct of the jury. The misconduct complained of went to the amount of the verdict. Prior to this, the jury had agreed that a verdict should be returned for the respondent, but there was disagreement among them as to the amount. The misconduct is sought to be shown by affidavits of the jurors, and is disputed by the affidavits of one of the jurors, whose remarks to the other jurors were said to be misconduct. This remark was by a juror who was a member of the bar, and had reference to what was customary or usual for attorneys in cases of this kind to get as a contingent fee out of the verdict. We shall not attempt to segregate the things stated in the affidavits which inhere in the verdict, and those which do not. Facts showing misconduct may be shown, but not as showing the effect of such misconduct upon the jury, the latter being for the court to determine from the facts. *Maryland Casualty Co. v. Seattle Electric Co.,* 75 Wash. 430, 134 Pac. 1097; *Lyberg v. Holz,* 145 Wash. 316, 259 Pac. 1087.

While the misconduct, if there were such misconduct, could not be measured by the court in ordering a reduction, it nevertheless appears to us in this case that, since the jury, after discussing the matter to which

reference is made, returned a verdict in which ten of them concurred, the other two believing that it should be for $4,000 and $5,000, respectively, and since the verdict has, by the trial court, been reduced in a very substantial amount, the case should not be reversed for this reason. The trial court was in much better position to pass upon the weight to be given to the affidavits than are we, and, since that court declined to grant a new trial on the ground of misconduct of the jury, we cannot say that there was error in this respect.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and FRENCH, JJ., concur.

[No. 22344. Department Two. September 8, 1930.]