## KITCHEN v. KITCHEN et al.

No. 5343.   Decided January 4, 1934.   (28 P. [2d] 180.)

*Christenson & Straw,* of Provo, for appellant.
*Martin M. Larsen,* of Provo, for respondent.

MOFFAT, J.

The plaintiff's complaint in substance alleges: That Thomas L. Kitchen and Emma F. Riding are son and daughter, respectively, of the plaintiff, and Myrtle A. Kitchen is the wife of Thomas L. Kitchen. That the plaintiff is the mother of seven additional living children. The names and addresses are set out. That the plaintiff is over eighty years of age, physically infirm and in failing health due to her advancing years. That she has felt herself largely dependent upon her children for care, protection, and advice. That she has had little business experience, and is wholly unacquainted with property titles and legal forms of conveyances. That since the death of her husband, which occurred about the year 1919, plaintiff has resided upon, and in and through the probate proceedings in the matter of the estate of her deceased husband she became the owner of the home and ten acres of land with the water rights—the property involved in the action.

In the year 1924, a son of the plaintiff, L. R. Kitchen, and his family were living on the property with plaintiff. Thomas L. Kitchen, a brother of L. R. Kitchen and son of

plaintiff, proposed that he and certain of his sisters purchase the interest of L. R. Kitchen in the estate of plaintiff after her death for the sum of $500; that L. R. Kitchen agreed with Thomas L. Kitchen that he would sell his interest in his mother's estate, and would then in no way participate in the estate after the death of his mother.

It is also alleged that the property referred to in the complaint, except the household furniture, was the only property possessed by plaintiff; that Thomas L. Kitchen advised the plaintiff of the agreement between him and L. R. Kitchen and that he (Thomas L. Kitchen) and certain other children of plaintiff had agreed to purchase the interest of L. R. Kitchen, and that, in order to fix the matter up so the purchasers would be protected, it was necessary for plaintiff to sign certain papers; that about August 5, 1924, Thomas L. Kitchen came to the home of plaintiff and represented to her that he had the papers prepared for her to sign. It is also alleged that, plaintiff believing that the papers she was requested to sign were papers that would protect Thomas L. Kitchen and the other children who had or were about to pay the $500 to L. R. Kitchen for his interest in the estate plaintiff would leave, and relying upon Thomas L. Kitchen, her son, in that respect, she signed the papers which she now is informed and believes was a deed to her home and the water rights; that, when plaintiff signed the papers, she did not know the contents of the papers, and did not understand the papers she signed was a deed to her home, but that she thought the papers signed were papers to protect the children, who paid the $500 to L. R. Kitchen, against any interest he might have by inheritance in plaintiff's property; that until about a year before the bringing of this action plaintiff was ignorant of the fact that she had signed a deed to her home and property, or that a deed had been recorded which purported to convey all of her property to Thomas L. Kitchen and Emma F. Riding.

Plaintiff further alleges that she received no consideration for her property, and it was at no time her intention or

purpose to convey away by deed her property. Plaintiff claims to be impecunious and dependent upon charity unless her property be restored to her.

The relationship of the parties, the way the plaintiff became the owner of the property, the age, infirmities, of plaintiff, places of residence, the receiving and recording of the deed, are admitted. It is also admitted the defendants claim an interest in the property.

The case was tried to the court sitting without a jury. At the close of plaintiff's testimony, counsel for defendants interposed a motion for a nonsuit upon the ground that the evidence was insufficient to show the plaintiff was entitled to relief, and further that there was no evidence of any fraud, deceit, or misrepresentation practiced upon plaintiff by defendants or either of them. The motion was granted, and the action was dismissed. From the judgment of dismissal, the plaintiff and appellant prosecutes this appeal.

There is then but one question here for review. That question is: Do the admissions in the pleadings and the facts directly proved and every fair inference deducible from the facts establish sufficient proof to support plaintiff's case? If the question is answered in the affirmative, the judgment must be reversed; if in the negative, affirmed.

It is the duty of the court when a motion for a nonsuit is interposed, in passing upon the motion, to consider the facts well pleaded and admitted as established, and to assume as true all facts which could be properly found by a jury from the evidence, and in addition thereto give the plaintiff the benefit of every fair and legitimate inference and intendment which may fairly and legitimately arise from the evidence received. *Lowe* v. *Salt Lake City*, 13 Utah 91, 44 P. 1050, 57 Am. St. Rep. 708; *Jennings* v. *Pratt*, 19 Utah 129, 56 P. 951; *McGarry* v. *Tanner & Bakes Co.*, 21 Utah 16, 59 P. 93; *Dunn* v. *Salt Lake & O. Ry. Co.*, 47 Utah 137, 151 P. 979.

The evidence establishes the following: The plaintiff is 81 years of age. She is the mother of the defendants Thomas L. Kitchen and Emma. F. Riding. Myrtle A. Kitchen, the other defendant, is the wife of Thomas L. Kitchen. Thomas L. Kitchen and his wife live at Lovell, Wyo. Emma F. Riding resides at Provo, Utah. It was shown that others named in the complaint were children of plaintiff. About the year 1924, Landrum R. Kitchen, youngest son of plaintiff, with his family resided with the plaintiff at or near Pleasant Grove, Utah. The farm consisted of about ten acres of land with water rights. There was a dwelling house upon the property. No values are mentioned.

Some time about the year 1924, and before the transaction furnishing the basis of this litigation, Thomas L. Kitchen came to Pleasant Grove. While there he talked to Landrum R. Kitchen, his brother, and proposed to purchase from Landrum his interest, as an heir, in his mother's estate for the sum of $500, to which Landrum agreed. Thomas L. Kitchen also called upon his mother, the plaintiff, and told her that he (Thomas) and some of the other children wanted to buy Landrum's interest in the home property of the plaintiff after her death. So far as appears, this proposal originated with Thomas L. Kitchen. Both plaintiff and Landrum testified that they had not thought about the matter until it was suggested by Thomas. Thomas told his mother he would have the papers fixed up so that when Landrum was paid $500 he would have no interest in the place. Mrs. Kitchen, the plaintiff, testified that Thomas told her "that five of the children wanted to get his (Landrum's) interest in the place at my death, he told me he wanted to buy it. He made me understand he and Emma and Mary and Flossie and Anna would pay him $500, over to Landrum, then they were to get it at my death if there was anything to get." Some time later Thomas came to the plaintiff and Landrum, and advised them the papers were prepared and at the Pleasant Grove Bank, and asked them to come to the bank and sign them so Landrum could get his money.

The evidence discloses that they went to the bank, that both of them signed some papers which neither of them read, and without knowing the contents; but understood they were for the purpose of transferring to Thomas and certain of his sisters the interest that Landrum had or might have in her property as an heir. Later $500 or $520 or $521 was paid at the bank and credited to plaintiff's account, $500 of which was shortly after paid to Landrum by plaintiff.

About a year before the commencement of this action, through certain of her daughters, plaintiff learned there was a deed on record from which it appeared that plaintiff had deeded the ten acres with the water rights to Thomas L. Kitchen and Emma F. Riding, and that Thomas and Emma were entitled to take possession on demand and receive all the rents from the property, except plaintiff had the right to occupy one room during her lifetime. Mrs. Kitchen, the plaintiff, testified that she had not known nor did she understand that when the papers were signed that she was deeding her property to the defendants or any one else, but that, when she signed the papers at the bank, she understood she was signing papers that would transfer any interest Landrum might have in her property at her death to the five children she had named; that she understood the children were purchasing the interest of Landrum.

It is not necessary to quote or more fully digest the testimony of the witnesses who testified on behalf of the plaintiff. The testimony as above summarized is a substantial statement of the evidence, and, if set out at length, would be stronger and clearer than the condensed statement above set forth, but of unnecessary length.

We think that plaintiff's (appellant's) proof in the case, with respondent's admissions, in the light of the rules laid down by the cases, is sufficient to preclude a judgment of nonsuit. The motion of nonsuit, without question, should have been denied. We do not deem it necessary to further discuss the matter.

The case is reversed and the cause is remanded to the trial court, with directions to reinstate the cause and proceed to the hearing of the case. Appellant to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.