## WINEGAR v. SLIM OLSON, Inc.

No. 7780. Decided January 13, 1953. (252 P. 2d 205.)

488

See 61 C. J. S., Motor Vehicles, sec. 739. Failure of proof as ground for non-suit. 53 Am. Jur., Trial, sec. 318; 120 A. L. R. 205.

*McKay, Burton, McMillan & Richards,* Salt Lake City, *Wilford M. Burton,* Salt Lake City, for appellant.

*Huggins & Huggins,* Ogden, *Ira A. Huggins,* Ogden, *Grant C. Aadnesen,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Action to recover damages for the loss of a Diesel engine allegedly caused by negligent installation of an oil filter bag by one of defendant's employees. The lower court, sitting without a jury, granted defendant's motion for a non-suit made at the conclusion of plaintiff's case and plaintiff appeals.

Plaintiff distributes oil products throughout the intermountain region via a personally owned fleet of automotive tractors and trailers. Defendant, having the facilities to handle such heavy machinery, was engaged by plaintiff to service and lubricate this equipment. While servicing one of plaintiff's Diesel units, defendant's employee allegedly mis-wound a replacement oil filter bag which, according to plaintiff's witnesses, could have plugged, and in their opinion did plug, the oil line, stopped proper lubrication, caused the bearings to seize, and the engine to "burn up." On cross examination defendant established that any obstruction at any point in the oil line would result in the same damage; that the engine did not burn up until it had been driven approximately 2200 miles after defendant had serviced it; that proper care required the engine to be serviced every 1500 to 2500 miles; and that such damage would result within seconds after the oil line became clogged. Plaintiff offered no proof—since it presumably was not available—as to how defendant's employee actually wound the replacement bag or as to what actually clogged the oil line. At the close of plaintiff's case, defendant, acting in accordance with Rule 41(b), U. R. C. P., 1951, moved for a non-suit on the ground that upon the facts and the law the plaintiff had shown no right to relief. The lower

court, evidently deciding that plaintiff had proved no negligence which was a proximate cause, said:

"I'll grant a non-suit in this matter. I think it's conjecture as to whether that clog was in the crank shaft or in the feed line. It's a matter of conjecture. I don't think there is any evidence as to where the stoppage was. If there was an investigation of the feed line from the cylinder to the crankshaft, any evidence on that would be most conjectural. So at this time I'll grant a nonsuit on it."

In ruling on a motion for non-suit it is well established that where a jury sits the court must accept as true the evidence in behalf of the plaintiff, and must give the plaintiff the benefit of every fair and legitimate inference that could be drawn therefrom by the jury. *McGarry* v. *Tanner & Bakes Co.*, 21 Utah 16, 59 P. 93; *Smith* v. *Columbus Buggy Co.*, 40 Utah 580, 123 P. 580; *Dunn* v. *Salt Lake & O. R. Co.*, 47 Utah 137, 151 P. 979; *Kitchen* v. *Kitchen*, 83 Utah 370, 28 P. 2d 180. If at the conclusion of the plaintiff's evidence the court decides that the plaintiff has not established a *prima facie* case or cause of action against the defendant a judgment of non-suit may be properly entered. Ibid. In order to establish a *prima facie* case the plaintiff must present some competent evidence on every element needed to make out the cause of action. The test is whether or not there is some substantial evidence in support of every essential fact which a plaintiff is required to prove in order to entitled him to recover. *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 P. 817. If the evidence and the inferences are of such character as would authorize reasonable men to arrive at different conclusions as to whether all the essential facts were or were not proved then the question is one for the jury and a non-suit should be denied. *Robinson* v. *Salt Lake City*, supra.

Taking the evidence presented by the plaintiff and all the favorable inferences therefrom, it was established that plaintiff owned the truck and delivered it to defendant for servicing; that damage resulted thereto sometime after service; that such damage was the result of oil starvation

induced by a clogging of the discharge line; that such a clog could be caused by an improperly installed filter replacement bag; and that the filter bag in this engine indicated from its wrinkled and torn condition that it may have been drawn into the discharge line.

From this testimony the court would be obliged to conclude that reasonable men could have arrived at different conclusions as to whether all the essential facts were proved and hence, under the *Robinson* case, would be required to deny defendant's motion for non-suit.

A different situation arises, however, when the case is tried before the court without a jury. Defendant's motion was made under Rule 41(b), U. R. C. P. 1951, which states:

"After the plaintiff has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. *In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff* * * *. If the court renders judgment on the merits against the plaintiff, the court shall make findings * * *." (Italics ours.)

Since these rules were fashioned after the Federal Rules of Civil Procedure, it is proper that we examine decisions under the Federal Rules to determine the meanings thereof. In *United States* v. *United States Gypsum Co.,* D. C., 67 F. Supp. 397, the Federal court held that on a motion to dismiss for failure to prove a case, under Rule 41(b) it is the duty of the court to weigh the evidence, to draw inferences therefrom and, if it finds the evidence insufficient to make out a case for the plaintiff, to render a decision for the defendant on the merits. In its opinion the court reviewed the functions of judge and jury and 67 F. Supp. on page 417 stated:

"This fundamental distinction between jury and non-jury trials should not be ignored; and if the reason for the jury trial practice does not exist in non-jury trials, where the judge is the trier of the

facts, the jury trial practice ought not to be applied but should give way in favor of a practice consistent with the actual function of the judge in non-jury cases * * *. When a court sitting without a jury has heard all of the plaintiff's evidence, it is appropriate that the court shall then determine whether or not the plaintiff has convincingly shown a right to relief. It is not reasonable to require a judge, on motion to dismiss under Rule 41(b), to determine merely whether there is a *prima facie* case, such as in a jury trial should go to the jury, when there is no jury—to determine merely whether there is a *prima facie* case sufficient for the consideration of a trier of the facts *when he is himself the trier of the facts*. To apply the jury trial practice in non-jury proceedings would be to erect a requirement compelling a defendant to put on his case and the court to spend the time and incur the public expense of hearing it if the plaintiff had, according to jury trial concepts, made 'a case for the jury,' even though the judge had concluded that on the whole of the plaintiff's evidence the plaintiff ought not to prevail. A plaintiff who has had full opportunity to put on his own case and has failed to convince the judge, as trier of the facts, of a right to relief, has no legal right under the due process clause of the Constitution, to hear the defendant's case, or to compel the court to hear it, merely because the plaintiff's case is a *prima facie* one in the jury trial sense of the term."

In accord with this pronouncement are the cases of *Mateas* v. *Fred Harvey*, 9 Cir., 146 F. 2d 989, and *Bach* v. *Friden Calculating Mach. Co., Inc.*, 6 Cir., 148 F. 2d 407. In *Lambuth* v. *Stetson & Post Mill Co.*, 14 Wash. 187, 44 P. 148, 149, which was cited with approval in the *U. S. Gypsum Co.* case, supra, the court said:

"When the trial is before a jury, the court cannot weigh the testimony upon a motion for a nonsuit, for the reason that it cannot weigh it at any time; but, when the trial is without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not so weigh it at the earliest possible time, when the rights of the plaintiff will not be cut off by its so doing; and when the plaintiff has introduced all of his proof, and rested, no right of his will be cut off if the court then determines what has been proven."

We are of the opinion that the foregoing authorities correctly construe Rule 41(b).

Specific findings of fact were made by the trial court as required by Rule 41(b). The court found that the evidence adduced by the plaintiff was insufficient to show that defendant failed to use the proper care and skill in servicing the engine or that defendant was guilty of any negligent acts whatsoever which caused the Diesel engine to function improperly. Taking the evidence and the inferences most favorable to the plaintiff it was only shown that defendant's employee serviced the engine and that some 2200 miles after service it "burned up." There was no evidence as to the manner in which defendant's employee wound the replacement bag, or even that it was improperly wound. Demonstration before the court, in fact, indicated that some effort was required to wind the bag in order to coincide with plaintiff's theory—and that after it was so wound its disorder was readily evident and insertion in such a manner would bespeak utter inattention to the work being done. Since, in a trial without a jury, the motion of the defendant under the rule cited challenged not only the sufficiency of the evidence and its favorable inferences to invoke its appraisal by the fact finder, but also the weight thereof, the action of the lower court should not be reversed unless the evidence compelled a finding of actionable negligence. True, normally a court acting without a jury should not grant a motion for nonsuit when there is some competent, substantial evidence to support every issue needed to make a case, if the evidence on all these issues is credible. But this is not always true. The plaintiff has the burden of persuasion, and where, as in this case, the primary fact which must be found in order to support a judgment must rest on inference, the court is not compelled to draw such inference unless it is the only permissible, reasonable one. The plaintiff below did not make such a case. The judgment of the trial court is affirmed. Costs to respondent.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.