PETE GINOFF, Plaintiff and Respondent, v. HOLEMAN
G M DIESEL, INC., Defendant and Appellant.

No. 11772.
Submitted Sept. 17, 1970.
Decided Jan. 5, 1971.
479 P.2d 263.

Kurth, Conner, Jones & Davidson, William C. Jones (argued), Billings, for defendant and appellant.

Tipp, Hoven & Brault, Raymond Brault, (argued), Missoula, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered upon findings of fact and conclusions of law made by the trial court after trial without a jury.

The plaintiff brought the action to recover loss of income and payment for repairs in the sum of $796.49 for failure of the defendant to properly repair his truck on October 5, 1966; and breach of warranty in failing to adequately test, check and determine the necessary repairs for making the plaintiff's truck fit for log hauling.

The trial court found that the plaintiff was entitled to a refund of $375.12 for repairs on October 5, 1966 and for the sum of $796.49 for repairs on October 14, 1966. The court found that plaintiff failed to prove damages for loss of income while the truck was not in use.

Plaintiff was engaged in a partnership with his mother and father conducting a logging truck business, operating one truck, a 1961 International. In December of 1965, the motor was overhauled. At that time it had 112,000 miles of use. In February of 1966 certain repair work was done under a warranty at no charge.

On October 3, 1966 plaintiff took the truck to defendant's shop. Defendant is a concern engaged in the business of sale and repair of diesel engines. On this date, minor adjustments were made.

On October 5, 1966, plaintiff's truck started to heat in the vicinity of Lolo, Montana. He shut it down and called defendant who sent a mechanic out. The truck was checked, started and driven to defendant's shop in Missoula. Defendant removed the cylinder head on the "right bank" and found that certain of the cylinder liners had pulled in two parts. New parts were installed in the right bank. The cylinder head on the "left bank" was not removed, but a visual inspection was made through "ports" and also from the lower or crankcase side. Repairs to the "right bank" of the engine were.

effected and the truck was delivered to plaintiff on October 7, 1966. No trouble was apparent on this visual inspection. The plaintiff was billed for $374.12 and paid it.

The plaintiff used his truck on log hauling, and on October 14, 1966 the truck lost power and overheated near Florence, Montana. Plaintiff again called defendant and a mechanic was sent out. This time a wrecker was needed to pull the truck to the shop. On inspection it was found that the "left bank" of the engine was scored and the block warped. Defendant completely disassembled the engine and bored the block and then installed all new oversized cylinder kits. The truck was returned to plaintiff on October 21, 1966. He was billed for $796.49 for the repairs made and paid the bill.

As related before plaintiff brought the action to recover the October 14th repair bill amount of $796.49 and for loss of nine working days use of the truck. Plaintiff based his complaint on two theories, negligence in the repair of October 5th and a warranty by defendant. However, it is clear that no warranty was shown.

Thus we have only negligence involved.

The issues presented by appellant, defendant below, are that the court erred in making findings on conclusions not supported by the evidence in the following particulars:

"(a)    That the defendant was negligent in its repairs in failing to more thoroughly examine both the left and the right cylinder banks of the motor and that had such examination been made the damage to the left cylinder bank would have been found and could have been repaired before a second breakdown.

"(b)    That the plaintiff's use of said truck in no way contributed to the breakdown of said truck either on October 5 or on October 14th and that the fault lies upon the defendant, Holeman G. M. Diesel, Inc. and its employees.

"(c)    That the plaintiff is entitled to the full refund of the plaintiff's two repair bills, $374.12 as for October 5, and

$796.49 as for October 14, the total being the sum of $1,170.61 and that the defendant is obligated in law to reimburse plaintiff in that total by reason of the defendant's faulty repair work.

"(d) That plaintiff is entitled to plaintiff's costs and disbursements."

The respondent urges the familiar rule that the reviewing court will indulge in favor of regularity of trial proceedings; that the judgment must be sustained if supported by evidence viewed in light of any theory and cites Feely v. Lacey, 133 Mont. 283, 322 P.2d 1104; Hagerty v. Hall, 135 Mont. 276, 340 P.2d 147 and other cases. We recognize this rule.

However, in reviewing the proof submitted we do not find evidence to support the trial court's findings.

Plaintiff offered his own expert witness, namely, Harry Graham. Mr. Graham testified that good procedure in the repair of the right bank would have been a visual examination of the left bank through the engine ports or removal of the head. He further testified upon cross-examination that if the defendant did inspect the left bank by the method he outlined, the defendant would have done all that was necessary. The uncontradicted testimony of the defendant's witness, Wendell Jones, was that they not only inspected the left bank through the ports but observed it also from underneath and could see nothing wrong. Therefore, defendant did all that was required of it. According to the testimony of the plaintiff and defendant's witness Jones many things could have caused the damage to the left bank such as loss of coolant, failure of coolant, high speed operation or excessive load weights, any of which could have occurred subsequent to the examination on the 5th of October by the defendant. The plaintiff made no attempt to prove that the scored condition existed in the left bank on the 5th other than the fact that it was scored when returned to the shop of the defendant on the 14th day.

of October. The testimony also shows that between said dates the plaintiff used the equipment at least five working days and two trips per day during the period.

This case can be disposed of by the fact plaintiff has wholly failed to meet his burden of proof of negligence on the part of the defendant, either by showing defendant had a duty to examine the left bank and failed to do so, or that the damage to the engine could not have been caused after the unit was delivered back to plaintiff. On the contrary, the uncontradicted testimony is that visual examination showed absolutely no evidence of a problem on the left bank of the engine. Furthermore, the charges made for the repairs on the 14th of October, 1966, duplicated previous charges to the extent of only $15.36.

In the case of Bostwick v. Butte Motor Co., 145 Mont. 570, 403 P.2d 614, involving a claim based upon alleged negligent repairs to an engine, our Court held:

"The law has long been established in this type of negligence case that it is incumbent upon the plaintiff to present evidence from which it may reasonably be inferred that the negligent conduct on the part of the defendant was the proximate cause of plaintiff's injuries."

As to lack of proof as to when the left bank was damaged, the Utah Supreme Court disposed of a similar case in Winegar v. Slim Olson, Inc., 122 Utah 487, 252 P.2d 205, in upholding the lower court's decision to dismiss the complaint as follows:

"Taking the evidence and the inferences most favorable to the plaintiff it was only shown that the defendant's employee serviced the engine and that some 2200 miles after service it 'burned up'. There was no evidence as to the manner in which defendant's employee wound the replacement bag, or even that it was improperly wound."

Plaintiff testified that he made at least two trips per day between the October 5th and October 14th repairs with no

attempt to establish that the damage could not possibly have occurred during that time.

The plaintiff wholly failed to prove that the reason for the truck's failure to operate on the 14th of October, 1966, was in any way caused by either the defendant's negligence in the defendant's repair work on the 5th day of October, 1966, or that the left bank of pistons needed overhauling at that time and was the cause of the breakdown of the truck.

Accordingly the judgment is reversed and the cause dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, JOHN C. HARRISON and DALY, concur.